**KOHNLE, et, Plaintiffs-Appellees, v. CAREY, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County

No. 1888—Decided May 1, 1946.

·Estabrook, Finn ́ & McKee, Dayton, for Plaintiffs-Appellees.

Matthews & Altick, Dayton, for Defendant-Appellant.

## OPINION

By MILLER, J.

This is an appeal on questions of law from a judgment rendered in the Common Pleas Court of Montgomery County, Ohio.

The action arose out of an automobile collision wherein the automobile of the plaintiff-appellee, Edward L. Kohnle, was alleged to have been damaged by the negligence of the appellant, Wilbur Carey, in the operation of his automobile.

Plaintiff-appellee, Indemnity Insurance Company of North America was awarded judgment against the appellant for $201.50, being subrogated to that extent by virtue of a policy of $25.00 deductible collision insurance on ˙the automobile of plaintiff-appellee, Edward L. Kohnle. Kohnle was awarded judgment against the appellant for $25.00.

The case was tried to the Court without the intervention of a jury and upon request the trial court separately stated in writing his conclusions of fact and law pursuant to §11421-2 GC.

The first assignment of error is that the judgment is not sustained by sufficient evidence of negligence of appellant. The trial Court found appellant guilty of negligence in one respect only, to-wit, that appellant violated the assured clear distance requirement of §6307-21 GC, which states in part:

"No person shall operate a motor vehicle, in and upon the streets and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway and of any other conditions then existing, and no person shall drive any motor vehicle, * * * in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

It is the contention of the appellant that there is no evidence in the record that will support this conclusion, but on the contrary the record is clear that appellant's lane of travel was open and unobstructed until Mrs. Kohnle made her sudden right turn, after signaling for a left turn, thus reducing appellant's assured clear distance ahead.

The record discloses that the automobile of the plaintiff was being driven by his wife, Esther B. Kohnle, in a westerly direction on state route 73, which is a two-lane highway divided by a center line. The automobile of the defendant was likewise being driven in a westerly direction on state route 73 and in the rear of the plaintiff's car. The trial Court found, and we think properly so, that the plaintiff's automobile just prior to the collision was in a position on the highway so that the left front and rear wheels thereof were from two to three feet left of the center of the road; also, that Mrs. Kohnle had her left arm extended to the left in a position near enough to her horizontal to permit an inference on the defendant's part that she intended to make a left turn. There was a private driveway on the left and had she intended to make a left turn on to it she could have done so immediately without interfering with the continued forward movement of defendant's car on the right hand or north side of the road. However, on the right side of the road there was an entrance to a cemetery. The driver of the plaintiff's car, without giving further warning, attempted to turn into the cemetery and was at an approximate ninety degree angle when struck on her right side by the car of the defendant.

The record discloses that the defendant's automobile was approximately 33 feet from the point of collision when the plaintiff's car made the right turn. The appellant contends that his assured clear distance ahead was suddenly lessened or cut down by the sudden right turn; in other words, the plaintiff's car was being driven across the appellant's path when the collision occurred.

The law on "assured clear distance ahead" is clearly set forth in **Smiley v The Arrow Spring Bed Co., 138 Oh St, p. 81,** the second syllabus of which provides:

"To comply with the assured clear distance ahead provision of §12603 GC, the driver of a motor vehicle must not operate it at a greater speed than will permit him to bring it to a stop within the distance between his motor vehicle and a discernible object obstructing his path or line of travel, unless such assured clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance, within such clear distance ahead and into his path or line of travel, of some obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith."

The doctrine is well established that a sudden and unexpected entry into the path of travel will take the case out of the assured clear distance statute. We so held only recently in the case of **Reeves v The Joe O Frank Co., 76 Oh Ap 1**; also in **Proctor v White, 22 Abs 115.**

The determinative question in this case is whether or not the automobile of the plaintiff suddenly entered the path or line of travel of the car of the defendant.

State Route No. 73, as stated previously, is a two-lane highway being divided by a center line. The lane on the left of the center of the highway was the path or line of travel of cars moving in an easterly direction; likewise, the lane to the right of the center of the highway was the path or line of travel for cars moving in a westerly direction. To avoid the operation of the assured clear distance rule it is essential that the object in question enter the path or line of travel. The plaintiff's car, however, never left the westerly path. Its left wheels may have been somewhat over the center line of the highway by approximately two or three feet, but in part, at

least, it remained in the path or line of travel of the defendant's car. One cannot be said to enter a space which one has never left. The vital importance of this element of unexpected entry into the path or line of travel was stressed by this Court in the Reeves case, supra. Here the Court said, in discussing the rule announced in the Smiley case:

"In applying the rule laid down here it is of vital importance whether the truck was parked on the main portion of the traveled highway, or whether it was parked completely on the berm and then started up and cut across the highway in front of the plaintiff. If the latter was the case, then the assured clear distance rule would not apply and there would be no violation of §6307-21, GC, by the plaintiff."

The language here used, we think, plainly implies "if the former was the case, then the assured clear distance rule would apply."

Counsel for appellant have cited numerous other cases which involve such fact patterns as intersection collisions, a car coming into the highway from a filling station, a car coming into the highway from a private driveway, and the like. These throw no light on the point involved here and accordingly are not discussed further.

It is our conclusion that these two cars were traveling in the same path or line of travel, and that the trial Court did not err in finding that the appellant violated §6307-21 GC.

The second assignment of error is that the judgment is not sustained by sufficient evidence of damages. The only evidence as to damages was that offered by the plaintiff, who testified in one instance, after doing some figuring, as follows:

"Well I know that I considered that car, age and everything considered, would be worth at least $900.00 before the accident; and I know darn well afterwards it wasn't worth much more than $673.50.

Q. All right. And I believe you testified that you paid the Albert and Harry garage $224.50?

A. Paid the Albert and Harry garage $224.50. And there was an extra charge of $2.00 by the Franklin garage to get the car fixed so we could drive it back to Dayton."

On cross-examination of the plaintiff he testified as follows:

"Q. Are you familiar with values of 1939 Oldsmobile sedans?

A. Yes, in a way I am; for tax purposes; and I always looked it up at that time, and I just recall—either yes or no, I can't say that I know definitely the exact dollar-and-cent value of the car at that time.

Q. You figured it out to the exact cent a little while ago, didn't you?

A. I took a value that I had been using.

Q. Well, then, you didn't give us the value of that car on the open market immediately before the accident, did you?

A. No.

Q. You picked some arbitrary figure that you had been using for tax purposes and gave that to us as the value of that car before the accident, is that right?

A. Yes.

Q. And then when you arrived at this figure for the value of the car after the colllision you based that solely on the amount of the repair estimate, did you not?

A. Yes, I did; and I think that is very fair because the car wasn't worth nothing after that accident.

Q. Mr. Kohnle, we aren't interested in thoughts here, see; we are just trying to get the facts. That is what you did?

A. That was the only way I had to do it, yes.

Q. That was the only way you had to do it. You are not an expert on the value of wrecked automobiles, are you?

A. No.

Q. And you have no idea of the value of a wrecked car; you can't give an expert opinion on the value of a wrecked car merely by looking at the car after the accident, can you?

A. No."

From this testimony we are of the opinion that there was sufficient evidence of damages to sustain the judgment of the trial court. It is true that the measure of damages is the difference in value immediately before and immediately after the accident; the cost of repairs is evidence of damages.

In **13 O. Jur., 139**, we find this statement:

"Although the general rule for the measure of damages for an injury to personal property by the tort of another is

the difference in the market value of the property immediately before and immediatfely after the injury, the cost of repairs may be shown as shedding light upon the extent of the damage."

The testimony of Mr. Kohnle, the plaintiff, as to the value before and after the accident was admissible even though he admitted on cross-examination that he was not an expert on the value of wrecked cars. 17 O. Jur., 473, provides:

"It is well established in Ohio that the owner of personal property, because of such ownership, has a sufficient knowledge of its value to be qualified to give an opinion thereon which will be some evidence of the actual value, though not conclusive."

. The doctrine here announced was recently confirmed in the case of **Bishop v East Ohio Gas Co., 143 Ohio St. 541.**

We find no error in the record and the judgment is affirmed.

HORNBECK; PJ, and WISEMAN, J, concur.