AUTOMOBILE CLUB INS. CO. *v.* DAVIS.

(No. D-99087—Decided September 17, 1970.)

Dayton Municipal Court.

*Mr. Joseph M. Allen,* for plaintiffs.

Rice, J. The plaintiffs, having filed a petition (now denominated "complaint") against the defendant seeking the sum of $393.71 for damages arising out of the defendant's negligence in the operation of his automobile, which negligence proximately caused the plaintiff's damages in the aforesaid sum of $393.71, have now, subsequent to the expiration of the time for the defendant to file a responsive pleading, answer or motion, and yet without his having filed for a default judgment, filed a motion for summary judgment on both the issues of liability and that of the amount of damages, claiming that there exists no genuine issue of fact as to any of the material issues in question.

The motion for summary judgment has, as is required by Rule 56(A) of the new Ohio Rules of Civil Procedure, been filed after the time has passed for the defendant to file a responsive pleading or motion. The plaintiff has attached to said motion for summary judgment, three exhibits to wit:

(1) An ..ffidavit of the automobile owner, the plaintiff, Jack Barr, to the effect that said car was involved in an accident, the subject of the petition, that his damages were in the amount of $393.71, of which the automobile insurance company, pursuant to the terms of his $100 deductible policy, paid $293.71 for the repair of said automobile and the plaintiff, himself, paid the remaining $100. The plaintiff also states, in said affidavit, that said account has been assigned to the Automobile Club Insurance Company which said insurance company has been "subrogated" to the rights of the plaintiff. Plaintiff finally states that the before and after value of his automobile was $500 and $108, respectively, and that he has attached a correct copy of both the subrogation agreement and the repair bill to his car to the affidavit.

(2) The final repair bill in the amount of $393.71, which said repair bill has been referred to in the plaintiff's

affidavit as encompassing the costs necessary to repair his automobile from the accident in question.

(3) The subrogation agreement between the plaintiff and the plaintiff Automobile Club Insurance Company, concerning the payment for the repairs due to the accident in question.

This is another attempt, albeit the finest hour, on the part of a small but determined band of subrogation attorneys who have been, for lo these many months, racking their brains in an attempt to do away with, avoid or render unnecessary what is commonly referred to as an "assessment of damages" hearing.

Without rendering any judgment or making any comment on the "assessment of damages" hearings, following the granting of a default judgment, historically utilized by this court, it appears to the court that the summary judgment method, utilized herein, is not only logical and of practical utility, but also is expressly authorized by the new Ohio Rules of Civil Procedure.

Firstly, the issue of liability may be adjudicated on a motion for summary judgment, particularly where the defendant is in default for answer or other appearance. In such a case, the court can properly consider, at the time of the hearing for a motion for summary judgment, pleadings filed by the plaintiff to commence his lawsuit.

It is on the issue of damages that this new remedy or approach would appear to have the greatest utility or merit. Rule 55A of the new Ohio Rules of Civil Procedure states, in pertinent part, as follows:

"If, in order to enable the court to enter judgment or to carry it, into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper * * *."

Certainly, an affidavit of the automobile owner as to the value of his automobile, before and after the collision in question, as well as a repair bill concerning the repairs oc-

casioned by the accident in question (it is to be assumed that the plaintiff's affidavit would "tie in" the fact that the repair bill stems from the accident in question) are proper references within the meaning of Rule 55(A). Indeed, such "references" have always been proper, under the Ohio law, to fix or assess damages to an asset or chattel occasioned by an accident. (In Ohio, although the general rule for recovery of damages for injury to personal property is between the market value immediately before and immediately after the injury (*American Gypsum Co.* v. *Lakeshore & M. S. R. Co.,* 7 Ohio App. 145), such damages may be established by showing the reasonable cost of repairs necessary to restore it to its former condition, as long as the cost of repairs is less than the diminution in market value caused by the injury, and as long as the cost of repairs does not exceed the value of the property itself before the injury. See 16 Ohio Jurisprudence 2d 202, *Damages,* Section 71, and footnotes thereunder. It is established in Ohio that an owner of personal property, because of such ownership, has a sufficient knowledge of its value to be aware and to be able to give an opinion thereon which will be some evidence of its value (*Bishop* v. *East Ohio Gas Co.,* 143 Ohio St. 541).

Therefore, the plaintiff's motion for summary judgment on the issue of both liability and damages, is hereby referred to the assignment commissioner to be set down for hearing. Should the defendant, after having been properly notified of the hearing date of the motion for summary judgment, fail to make an appearance, as he has failed to appear up to this point, then it appears to the court, parenthetically, that the motion for summary judgment may lie on both the issue of liability and the issue as to the amount of and extent of the plaintiff's damages.