McKINNEY v CABALL

1. STATUTES—CONSTRUCTION.
   Statutes in derogation of the common law must be strictly construed.

2. PARENT AND CHILD—MALICIOUS MISCHIEF—LIABILITY OF PARENT.
   The statute making parents liable for the willful or malicious destruction of property by their minor children does not make the parents of a minor liable for damage to a stolen automobile, being driven by the minor and damaged in an automobile accident, where the minor was not driving at a high rate of speed, or in any manner other than that which was usual, because such actions do not constitute malicious or willful destruction (MCLA 600.2913).

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted Division 3 April 11, 1972, at Grand Rapids. (Docket No. 12599.) Decided April 28, 1972.

Complaint in district court by Thelbert McKinney and Debbie McKinney against Edward Caball for damage caused by defendant's minor daughter. Judgment for plaintiffs. Defendant appealed to circuit court. Reversed. Plaintiffs appeal by leave granted. Affirmed.

*Edward J. Ryan* and *Frieda V. Washburn,* for plaintiffs.

*James, Dark & Craig,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur, Statutes § 19.
[2] 59 Am Jur 2d, Parent and Child § 130.

Before: J. H. Gillis, P. J., and R. B. Burns and Danhof, JJ.

R. B. Burns, J. This case requires the interpretation of MCLA 600.2913; MSA 27A.2913, which provides:

"Any * * * person * * * may recover damages in an amount not to exceed $1,500.00 in a civil action in a court of competent jurisdiction against the parents or parent of any unemancipated minor under 18 years of age, living with his parents or parent, who has *maliciously* or *willfully* destroyed real, personal or mixed property which belongs to * * * any person." (Emphasis supplied.)

Plaintiff, Debbie McKinney, left her purse and automobile at the Caball residence. Defendant's 17-year-old daughter took the automobile keys from Debbie's purse and went for a ride. While going around a curve she lost control of the car, which turned over and rolled down a hill causing considerable damage.

Plaintiffs sued the defendant, as a parent, in district court, for damages to the automobile. The district judge granted judgment to the plaintiffs. On appeal to the circuit court the judgment was reversed. We granted leave to appeal.

At common law, parents were not liable for the conduct of their children.[1] Presumptively enacted to control juvenile vandalism, a majority of states now have statutes similar to Michigan's malicious damage statute.[2]

The statute, being in derogation of the common law, must be strictly construed and should not be extended by implication. *Yount v National Bank*

[1] Prosser, Torts (3d ed), § 117, p 892; 8 ALR3d, § 1, p 614; 59 Am Jur 2d, Parent and Child, § 130, p 231.

[2] 59 Am Jur 2d, Parent and Child, § 137, p 237.

*of Jackson,* 327 Mich 342 (1950); *Silver v International Paper Co,* 35 Mich App 469 (1971). Plaintiffs have the burden of proving that their action is authorized by the statute. *Morgan v McDermott,* 382 Mich 333 (1969).

The statute clearly requires a "malicious or willful" act of destruction. In *Shelby Mutual Insurance Co v United States Fire Insurance Co,* 12 Mich App 145 (1968), we held that "reckless conduct" of a minor in driving a stolen car could qualify as "willful or malicious" destruction of property.

However, in the present case the district judge found:

"The proofs do not indicate that Mary Caball was driving at a high rate of speed, or in any manner other than that which might have been ordinary and usual."

Plaintiffs failed to prove "malicious or willful" acts of destruction. The circuit court is affirmed.

Costs to defendant.

All concurred.