TRAVELERS INDEMNITY COMPANY, APPELLEE, *v.*
BROOKS ET AL., APPELLANTS

[Cite as Travelers Indemnity Co. v. Brooks (1977),
60 Ohio App. 2d 37.]

(No. L-76-294—Decided March 18, 1977.)

*Mr. Charles J. Smith,* appellants.
*Mr. John H. Moor* and *Mr. James D. Turner,* for
appellee.

CONNORS, J. This is an appeal by the defendants from the
decision of the Toledo Municipal Court in a suit brought by
the Travelers Indemnity Company against Donald R. Brooks,
a minor, and his parents, David R. and Marilyn Brooks, and a
minor, David E. Hoyt and his parents, Bryan A. and Betty J.
Hoyt, and a minor, Richard Philip Shultz and his parents,
Richard C. and Carol M. Shultz. The trial court dismissed
minors Hoyt and Shultz and their parents, and awarded a
judgment in the amount of $1,900.46 in favor of the plaintiff-
appellee.

Prior to November 6, 1974, the plaintiff had issued to
Nancy Polewski a policy of insurance which provided
coverage on a Ford automobile against loss by reason of
theft: the policy also contained a provision that the insurance
company would be subrogated to all claims, demands and

causes of action arising under it to the extent of the payment made: the policy was in full force and effect on November 6, 1974. The automobile in question was titled in the name of Nancy Polewski's daughter, Christine Polewski.

Sometime prior to November 6, 1974, Christine Polewski took her automobile, to the Whitmer High School Auto Mechanics Class for repairs. On November 6, 1974, the defendant, Donald R. Brooks, a minor and a member of the auto mechanics class, took the car without permission and drove it around the block, returning afterwards to the student parking lot.

At about this same time, the defendants David E. Hoyt and Richard Shultz, minors, were passing through the parking lot on the way to their next class. Hoyt, a friend of Brooks, saw him in the parked vehicle and the two engaged in a short conversation. Defendant Richard Shultz did not know defendant Brooks and did not talk with him. Brooks asked Hoyt if the pair would like to go for a ride and they accepted. Brooks then drove the vehicle off the school premises and was subsequently involved in a collision with a vehicle, extensively damaging the automobile owned by Christine Polewski. Subsequently, through a period of transactions, including a payment to both Nancy Polewski and her daughter, Christine Polewski, the plaintiff, under the terms of its policy, paid the sum of $1,900.46.

Appellants' first assignment of error is that the trial court, in awarding damages to The Travelers Indemnity Co., as subrogee, committed error. We find the first assignment of error not well taken. The appellant admits that a certificate of title was put in evidence showing that Christine Polewski, one of the insureds, was the owner of the car. The insurance policy was issued in the name of Christine's mother, Nancy. Payment was made as required by the insurance policy on this claim under the contract of the policy. Travelers became subrogated pursuant to the subrogation clause in the insurance policy once that payment was made. Even without any subrogation clause, Travelers had an equitable right of subrogation once the payment was made. See 30 Ohio Jurisprudence 2d 811, 812, Insurance, Section 886, which in part provides:

"The right of an insurer to be subrogated to the rights of the insured may be either the right of conventional subrogation-that is, subrogation by agreement between the insurer and the insured-or the right of equitable subrogation, by operation of law, upon the payment of the loss. Although many policies now provide for subrogation, and thus determine the right of the insurer in this respect, the equitable right of subrogation is the legal effect of payment, and inures to the insurer without any formal assignment or any express stipulation to that effect in the policy. It has accordingly been said that the insurer's right of subrogation does not depend on any agreement, but arises out of the relation of the parties. It follows that an insurance company need not prove the existence of a subrogation agreement in an action brought by the insurer and the insured against a defendant wrongdoer for damages suffered by the insurer and insured, and recovery may be had despite the lack of such proof, since the wrongdoer is not prejudiced thereby."

Therefore, the trial court correctly ruled that the plaintiff was properly subrogated to the rights of the owner, Christine Polewski, and her mother, the insured.

As their second assignment of error, the appellants allege that the court erred in finding the parents of the minor defendant liable for damages where there was no showing that the minor defendant willfully damaged the automobile. We agree.

The only basis for joining the parents in this lawsuit is R. C. 3109.09, which provides as follows:

"Any owner of property is entitled to maintain an action to recover compensatory damages in a civil action in an amount not to exceed two thousand dollars and costs of suit in a court of competent jurisdiction from the parents having custody and control of a minor under the age of eighteen years, who willfully damages property belonging to the owner. A finding of willfull destruction of property is not dependent upon a prior finding of delinquency of such minor."

We note that the words "willfully damages property" are controlling in this case. It is clear that Donald Brooks, a minor, and the other minors willfully took the car without

permission. There is no transcript of the proceedings in the trial court below, and the amended findings of fact and conclusions of law of the trial court contain no finding that *the damage to the automobile* was willfull.

A decision in this case turns on statutory construction and interpretation. The ruling law is stated in 50 Ohio Jurisprudence 2d 273, Statutes, Section 287, as follows:

"A statute which operates to create a liability must be strictly construed in favor of the one sought to be subjected to its terms***."

The rule is applicable in this case because the liability sought to be imposed herein is created by the statute. There is no liability under the common law.

The common law in Ohio, as in most jurisdictions, provides that there is no liability imposed upon a parent for the negligent or intentional torts of minor children. *Elms* v. *Flick* (1919), 100 Ohio St. 186; 41 Ohio Jurisprudence 2d 372, Parent and Child, Section 54. R. C. 3109.09 is a statutory exception to this rule. It provides that parents may be liable for the torts of their minor children, but that liability is limited to acts of "willfull damage to property." Thus, for R. C. 3109.09, to apply, there must be a finding that (1) A minor (2) has committed a willful act of damage (3) to property.

In this case, the allegation by the plaintiff is that the property (the Polewski vehicle), was willfully *taken*. There is no finding, however, nor any reasonable grounds to believe from the record before this court, no transcript being available, that the accident resulting in damages to the vehicle, which followed the taking, was willful. From the record, the "damage to property" in this case was the result of negligence or accident but not willfulness.

The plaintiff, in response to interrogatories propounded by the defendant, Brooks, acknowledged that willful damage to the vehicle was not the basis for their claim.

The record shows the following:

"Q. 19: Do you claim that defendant Brooks intentionally drove the car into an obstruction and wrecked it? If so, on what facts do you base that contention?

"A. No."

"Q. 20. Do you claim that the other defendants also in-

tentionally drove the car into an obstruction and wrecked it?
"A. No."

Since R. C. 3109.09 is a statutory exception and is in derogation of common law, Ohio rules of statutory construction provide that the provision is to be strictly construed. (50 Ohio Jurisprudence 2d 269, Statute, Section 284). This means that it is to be confined in operation to cases which fall fairly within the letter of the statute, recognizing nothing that is not expressed. An application of R. C. 3109.09 to this case would be an unwarranted extension of the statute to a case of negligence or accidental damage to property, a result clearly not within the letter or spirit of the provision.

By clear language, the Ohio legislature made a fundamental policy decision to limit application of the statute to acts of willful vandalism. Had it chosen to include negligence or theft or "willful taking," it could easily have done so by appropriate language. (For example, the Pennsylvania Parental Liability Statute imposes a broader liability for any "tortious act resulting in injury to the person, or theft, destruction or loss of the property of another." Penn. Stat. Ann. 11-2002 (Purdon). The language employed by the Ohio legislature evinces an intent to limit the scope of parental liability to acts intentional in nature. An application of the statute to a case of negligent damage would be unjustified.

Admittedly, the taking was willful. There is nothing in the record, however, to indicate that the damage done to the vehicle was an intentional act on the part of the minor defendant herein.

Plaintiff cites *Kelly* v. *Williams* (Tex. Civ. Apps. 1961), 346 S.W. 2d 434, as authority for its position in this case. That court construed a parental liability statute and stated, at 435:

" '***Any property owner, including any municipal corporation, county, school district, or other political subdivision of the State of Texas, or any department or agency of the State of Texas, or any other person, partnership, corporation or association, or any religious organization whether incorporated or unincorporated, shall be entitled to recover damages in an amount not to exceed three hundred dollars ($300) from the parents of any minor under the age of eigh-

teen (18) years and over the age of ten (10), who *maliciously and willfully* damages or destroys property, real, personal or mixed, belonging to such owner. However, this Act shall not apply to parents whose parental custody and control of such child has been removed by court order, decree or judgment." (Emphasis ours.)

In that case a boy took a car in Dallas, Texas, and headed for Denton, Texas. He subsequently lost control and caused collision damage to the car by hitting a ditch while trying to outrun the police. The court held the parents liable, stating at 437:

"***It is admitted that the unlawful taking of the appellee's car constituted a willful and intentional act, but it is argued that there was no intentional damage. We have here but one transaction, the damaged car proximately resulting from the initial theft."

At page 438, the court said:

"***[I]n all fairness, it is better that the parents of these young tort feasors be required to compensate those who are damaged, even though the parents be without fault, rather than to let the loss fall upon the innocent victims."

Since the Texas statute uses the language "who maliciously and willfully damages" and the Ohio statute says "who willfully damages," these two statutes are substantially similar conceptually. We consider the rationale used by the Texas court in reaching its decision, in light of the fact situation in *Kelly* v. *Williams,* to be in line with strict statutory construction of the applicable Texas law. *Cf. Landers* v. *Medford* (1963), 108 Ga. App. 525, 133 S.E. 2d 403, paragraph three of the syllabus.

The Michigan court in the *McKinney* v. *Cabal* (1972), 40 Mich. App. 389, 198 N.W. 2d 713, presents a legally sound and logical rationale in construing a similar Michigan statute. We choose to follow the Michigan court's rationale.

The facts in the *McKinney* case are similar to the facts in the case herein. In the Michigan case, the plaintiff, Debbie McKinney, left her purse in an automobile at the Cabal residence. Defendant's 17-year-old daughter took the automobile keys from Debbie's purse and went for a ride. While going around a curve she lost control of the car which turned over and rolled down a hill, causing considerable

damage. The court denied recovery against the parents, holding that the statute, being in derogation of the common law, must be strictly construed and should not be extended by application.

The Michigan statute reads as follows:

"Any *** person *** may recover damages in an amount not to exceed $1,500.00 in a civil action in a court of competent jurisdiction against the parents or parent of any unemancipated minor under 18 years of age, living with his parents or parent, who has maliciously or willfully destroyed real, personal or mixed property which belongs to any *** person."

The Michigan Appellate Court found, under the facts presented, that the damage which followed the taking was not malicious or willful.

The following is quoted from the first headnote of 198 N.W. 2d 713:

"Statute rendering parents liable for their children's malicious damage, being in derogation of common law, must be strictly construed and should not be extended by implication."

We agree. From the record below, no transcript of the proceedings having been available to us, we look to the amended findings of fact and conclusions of law filed by the trial judge. We find therein that the trial judge found that the taking was willful, but no finding that the subsequent act causing the damage was willful. The record does not bear out that the act causing the damage was willful, as especially disclosed by finding of fact No.3. For the reasons set forth above, we find the second assignment of error to be well taken. To find otherwise would extend the application of the Ohio law even further from the common law than the express provisions of statutes of Pennsylvania, Texas, and Michigan.

As his third assignment of error, appellant argues that the court erred in dismissing the other defendants. We find the third assignment of error not well taken. We find from the record before us that the answers to the interrogatories directed to the parties dismissed by the trial judge gives no evidence that they participated in either the willful taking of the automobile or in the damage to the automobile.

The judgment of the Toledo Municipal Court is affirmed as to the judgment in favor of plaintiff and against defendant, Donald Brooks, a minor, in the sum of $1,900.46, and as to the judgment dismissing the defendants, David E. Hoyt, a minor, Bryan A. Hoyt and Betty J. Hoyt, Richard Phillip Shultz, a minor, and his parents, Richard C. Shultz and Carol M. Shultz. The judgment in favor of plaintiff in the sum of $1,900.46 against defendants, David R. Brooks and Marilyn Brooks, is reversed.

*Judgment affirmed in part*
*and reversed in part.*

BROWN, J., concurs.

POTTER, P.J., concurs in the judgment as it relates to assignments of error 2 and 3.

POTTER, P.J., concurring in the judgment as it relates to assignments of error 2 and 3. I find that assignment of error 1 is well taken for the reasons that whereas the insurance policy was issued to Nancy Polewski, the subrogation agreement was executed by Nancy Polewski and the insurance company check was made out to her order. The complaint refers only to Nancy Polewski. However, at some later date it was discovered that the title to the automobile in question was in the name of Christine Polewski. While Nancy Polewski may have an insurable interest, this insurable interest does not give her a cause of action for property damage and therefore Travelers likewise has none. R. C. 3109.09 provides that, "Any *owner of property,*" is entitled to bring an action to recover damages. Finding that the owner or her assignee did not bring the action, I find this is another reason to find assignment of error 2 well taken.