WEST AMERICAN INSURANCE COMPANY *v.* CARTER ET AL.

(No. 88-CV-E-0955—Decided
June 5, 1989.)

Licking County Municipal Court.

*J. Gerald Swank,* for plaintiff.
*Roger Sorey,* for defendants Rita Darby, Steve Darby and David Darby.
*Webster S. Lyman,* for defendants Norma Magwood and Kevin Magwood.

GREGORY L. FROST, J. This action was commenced by the filing of a complaint in which it is alleged that two minor children and their respective custodial parents are responsible for the damages incurred to an automobile owned by plaintiff's insured and damaged during the theft of the vehicle by the minor children. The complaint for damages is based upon the acts of the juveniles, the liability of parents for destructive acts or theft by children under the parents' custody and control, the proximate cause of damages incurred, and the reasonable value of the damages to the motor vehicle. The defendants deny liability, claim that another juvenile who is not a party to the suit is the responsible party, and contest the amount of damages, if any, due and owing. All issues were submitted and testimony received at a trial to the court.

The facts in the matter are relatively undisputed. Elinor Fletcher was the owner of a 1986 Buick Century automobile on March 8, 1988. On that date she parked the vehicle in the parking lot of her place of employment and left the keys in the ignition. John Chilcote, Kevin Magwood, and David Darby, all minor children, had been traveling in the area in another automobile when it developed mechanical problems. The three boys then began walking and proceeded to the parking lot where the Fletcher vehicle was located. John Chilcote noticed the keys in the ignition of the Fletcher car and suggested that they steal the vehicle. John Chilcote entered the driver's side of the vehicle, Kevin Magwood got in the passenger side front seat, and David Darby entered into the back seat.

The vehicle was then removed from the parking lot with John Chilcote driving. The theft of the vehicle was immediately detected as it was driven from the parking lot; a chase ensued. The car was driven a few miles to a point where it was wrecked into a ditch and all occupants fled on foot. The three juveniles were eventually apprehended and all three admitted their criminal involvement to law enforcement authorities.

It was stipulated at trial that Norma Magwood was the custodial parent of Kevin Magwood and that Kevin Magwood was a child under the age of eighteen years on the date of the incident. Further, it was stipulated that Rita Darby and Steve Darby were the custodial parents of David Darby, a minor, on the date of the incident in question. John Chilcote was not named as a party to the action and his whereabouts as well as those of his parents remain unknown to the plaintiff. The plaintiff, a duly organized insurance company doing business in Ohio, insured Elinor Fletcher's automobile on March 8, 1988 with a casualty insurance policy whereby the plaintiff agreed to hold the insured harmless from any loss to her motor vehicle by reason of theft or damage to

her property. As a result of the theft and concurrent damages, the plaintiff issued a check to Elinor Fletcher in the amount of $2,866.06 and thereby became subrogated to the rights of the insured in this action.

The first issue to be decided by this court is whether the two minor passengers in the stolen vehicle can be found liable for the resulting damages regardless of the fact that they did not actively participate in the operation of the vehicle. The answer in this case appears as obvious to this court as it did to the Court of Appeals for Cuyahoga County over sixty years ago. In the case of *Wills* v. *Anchor Cartage & Storage Co.* (1926), 26 Ohio App. 66, 72, 159 N.E. 124, 126, that court stated:

"We understand that when a passenger in an automobile becomes engaged in a joint enterprise and urges on the driver of the car, or does something which indicates that he participates in the misconduct, if there is misconduct on the part of the driver, that then, of course, such negligence may be attributed to him. * * *"

This court recognizes that the imputation of negligence due to a joint enterprise should be strictly confined to circumstances where two or more persons unite in the joint prosecution of a common purpose and where each has the authority, either express or implied, to act for all in respect to the control of the means employed to execute the common purpose. See *New York, Chicago & St. Louis R.R. Co.* v. *Kistler* (1902), 66 Ohio St. 326, 64 N.E. 130; *Bloom* v. *Leech* (1929), 120 Ohio St. 239, 166 N.E. 137. In applying that standard, this court finds that the three juveniles were engaged in a joint enterprise whereby the negligence of the driver may be imputed to the two other occupants.

All three juveniles were stranded as a result of mechanical problems with their vehicle. All three voluntarily walked into the parking lot under circumstances suggesting that they had a common purpose to steal another vehicle. Keys were observed in one vehicle and all three voluntarily entered the vehicle with the purpose to drive it away without the owner's consent. Each knew what was about to happen and each juvenile could have made the decision not to enter the vehicle. After wrecking the vehicle, each fled from the scene. The facts indicate a common purpose and design. By voluntarily entering the vehicle, the two passengers were impliedly authorizing the driver to act for them. To find otherwise would lead to a result where persons commonly united in a criminal scheme or plan could escape civil liability for their acts. Fairness and justice to the victim demand that such a result under these circumstances not be reached.

Having found that the two minors are liable for the negligence of the driver, the next issue to be resolved is whether the custodial parents are responsible for any damages. This action was predicated on the authority of R.C. 3109.09, which provided (see 141 Ohio Laws, Part I, 1532, 1565):

"Any owner of property may maintain a civil action to recover compensatory damages not exceeding three thousand dollars and costs of suit from parents having the custody and control of a minor who willfully damages property belonging to such owner or who commits acts cognizable as a 'theft offense,' as defined in section 2913.01 of the Revised Code, involving the property of such owner. Such an action may be joined with an action under Chapter 2737. of the Revised Code against the minor, or the minor and his parents, to recover the property regardless of value, but any additional damages recovered from the parents shall be limited to compen-

satory damages not exceeding three thousand dollars, as authorized by this section. A finding of willful destruction of property or of committing acts cognizable as a theft offense is not dependent upon a prior finding of delinquency of such minor, or upon his conviction of any criminal offense.

"For the purposes of this section, a minor is not within the custody and control of his parents, if the minor is married.

"Such actions shall be commenced and heard as other civil actions."

Since the statute is in derogation of the common law, it must be strictly construed and may not be extended by implication. See *Motorists Mut. Ins. Co.* v. *Bill* (1978), 56 Ohio St. 2d 258, 10 O.O. 3d 398, 383 N.E. 2d 880; *Travelers Indemn. Co.* v. *Brooks* (1977), 60 Ohio App. 2d 37, 14 O.O. 3d 19, 395 N.E. 2d 494. As a result, this court cannot find that the damage to the automobile was the consequence of a "willful" act. Although the taking of the vehicle was willful and intentional, there is no evidence before this court from which it can conclude that the act of driving the car into the ditch was willful. See *Travelers Indemn. Co.* v. *Brooks, supra.*

However, the General Assembly added, *inter alia,* the language "or who commits acts cognizable as a 'theft offense' " in 1978. (See 137 Ohio Laws, Part II, 2751.) There has been a growing body of law pertaining to this statute particularly since the monetary limit was increased to three thousand dollars, but this court can find no cases defining the term "cognizable as a theft offense." This court does, nevertheless, find that the facts of this case clearly fall within the meaning as intended by the legislature.

R.C. 2913.01(K)(1) defines "theft offense," by listing twenty-eight separate crimes. Whether the minor defendants in this action are classified as principals or accessories to the theft or whether their conduct is viewed as conspiracy or complicity, the fact remains that their joint actions resulted in the taking of another person's property without that person's consent. And, it is ludicrous to argue that since neither minor in the case *sub judice* operated the motor vehicle, that no theft offense was thereby committed. The crime of "unauthorized use of a motor vehicle" as defined in R.C. 2913.03 does not require operation, only use. Both juveniles did "use" the vehicle as a means of transportation in an attempt to leave the area and return home.

The actions of the minor children in this matter are obviously recognized as acts of theft and are therefore sufficient to bring the custodial parents within the parameters of R.C. 3109.09. As a result, the custodial parents are also jointly and severally liable for the damages sustained by the plaintiff.

Finally, the defendants urge this court to adopt the position that the exclusive measure of damages in this matter is governed by R.C. 2307.60, which provides for recovery when property has been willfully damaged or stolen. The provisions of that section set forth a statutory scheme whereby the owner may recover the replacement value of the property as well as exemplary damages and attorney fees. This court finds that R.C. 2307.60 does not provide an exclusive remedy for the recovery of damages in cases such as this. Rather, this court finds that R.C. 2307.60 provides one method for recovery but not the only method which can be utilized.

In the case *sub judice,* the plaintiff has elected to proceed for the recovery of damages involved by producing testimony at trial concerning the value of the property immediately before the incident involved and the diminished value of the vehicle immediately after

the vehicle was damaged. In addition the plaintiff adduced testimony concerning repair costs. In Ohio, the owner of personal property which is destroyed by the wrongful act of another is entitled to recover such amount as will make the owner whole for the damages sustained.

The general rule is that the measure of damages for an injury to personal property is the difference in the market value of the property before and after the injury. See *Otte* v. *American Airlines, Inc.* (1957), 104 Ohio App. 517, 5 O.O. 2d 244, 145 N.E. 2d 322; *Pettijohn* v. *Clark* (1971), 28 Ohio App. 2d 312, 57 O.O. 2d 479, 277 N.E. 2d 455. Ohio also recognizes the reasonable cost of repairs necessary to restore the property to its former condition as another measure of damages. See *Kohnle* v. *Carey* (1946), 80 Ohio App. 23, 47 Ohio Law Abs. 136, 35 O.O. 413, 67 N.E. 2d 98; *Otte* v. *American Airlines, Inc., supra.*

In this case the owner of the vehicle testified that the vehicle was in excellent condition before the incident with a value of $10,550.46. After the damages were incurred the vehicle had diminished value to the owner in the amount of $7,684.40. The difference in the before and after values was $2,866.06. The repair costs were the same amount. This court finds from the testimony of Elinor Fletcher that the damages to the automobile were the direct and proximate result of the actions of the minor children and that the reasonable value of the damages incurred was $2,866.06.

Based upon the foregoing, this court finds in favor of the plaintiff and against the defendants, Norma Magwood, Kevin Magwood, Rita Darby, Steve Darby, and David Darby, jointly and severally, in the amount of $2,866.06 together with court costs incurred herein and interest at the rate of ten percent per annum from the date of the filing of this entry.

*Judgment accordingly.*