**Payton v. Auto Depot, Inc.**
*[Cite as 4 AOA 488]*

*Case No. 88-L-13-217*
*Lake County, (11th)*
*Decided June 29, 1990*

*Gregory Stralka, The Stafford Building #2, 6588 Brecksville Road, Independence, Ohio 44131, for Plaintiff-Appellee.*

*Charles M. Andrews, 35475 Vine Street, Eastlake, Ohio 44094, for Defendant-Appellant.*

CHRISTLEY, P.J.

The bench trial in this case involved a complaint for money damages resulting from the sale of a used automobile by appellee, Auto Depot, Inc., to appellant, Myrtle Payton. Subsequently, appellee filed a counterclaim for the balance due on a promissory note executed by appellant in the sales transaction which included no interest or finance charges.

On September 15, 1987, appellee purchased a 1978 Toyota Cressida with mileage of over 119,000 miles. The sale was the culmination of several visits to the appellants' car lot, The Auto Depot.

During one of these visits to the Auto Depot, the sales person stated "well this is the best driving car we have * * *." Days later, appellant test drove the car and noticed that the temperature indicator after driving only five or ten minutes had "passed a little bit before becoming fully red - almost into the warning area." Appellee was also uncomfortable about the way the brakes felt. When the sales person was questioned about these items she stated the following:

"* * * we wouldn't put them on the lot if they weren't examined * * * well the mechanic looks at all the cars. We wouldn't try to shaft you. * * * well, if the brake light didn't come on then the brakes was (sic) fine."

Appellee testified that the salesperson stated that the Auto Depot mechanics would look at these items again.

Two weeks later, appellee arrived at the Auto Depot with the $600 downpayment, prepared to buy the car. Appellant signed a "used car order" form, an "as is no warranty Buyers Guide," and a promissory note.

Appellee was concerned about the "as is warranty" and questioned the salesperson."* * * suppose major things like the transmission or engine should go. But she assured me like she did several weeks prior to my buying that car that I had nothing to worry about."

Appellee purchased the car, paying $600 down and signing a promissory note in the amount of $1,563.18. Appellee immediately encountered problems with the car. On the way home from the Auto Depot the car began "to shimmy" and appellee experienced difficulty with the brakes as well.

The next day, September 16, appellee took the car to Aamco to determine why appellee "felt this shimmying underneath the car" which appellee believed to be the transmission. Appellee called the Auto Depot on September 17 and the Auto Depot's mechanics replaced a screen and determined the brakes were fine.

On September 18, appellee drove the car six blocks and appellee testified that the transmission caught on fire.

Appellant's representative testified that after appellee's complaint, the car was test driven and it ran fine. He also testified that the transmission was looked at and there was no evidence of any fire. Appellee then removed the car from the Auto Depot, and had repairs to the transmission made by Aamco. Appellee attempted to enter the Aamco repair bill into evidence, however, the document and all the testimony relating to the repairs were stricken at trial as being inadmissable as there was no one from Aamco present to testify.

On October 23, 1988, the trial court rendered its written opinion and judgment entry. It found a balance due on the promissory note of $1,563.18. The entry stated that appellee signed an "as is warranty" and that Aamco recommended a transmission reconditioning costing $1,000.

The trial court found that appellant violated the Consumer Sales Practices Act during and after negotiations. Specifically, appellee was told that there was nothing wrong with the transmission or the engine in response to appellee's inquiry about the condition of the transmission.

The trial court found that these representations should have been incorporated into the parties' agreement.

The trial court determined that the transmission was in need of repair by Aamco based on appellee's Exh. #7. It stated the document was admissible for the limited purpose as an owner's opinion with respect to reasonable cost to repair and respective loss value, citing *Bishop* v. *The East Ohio Gas Co.*, (1944), 143 Ohio St. 541, and *Auto Club Insurance Co.* v. *Davis* (1970), 26 Ohio Misc. 37. This was contrary to its earlier ruling at trial that the document was inadmissible. The trial court also placed reliance on appellant's tacit admission that it would remedy the trouble if appellee bore the expense. The trial court awarded $1,000 damages for diminished value to appellee. The trial court further ordered that appellant's counterclaim on the note be dismissed. It is from this entry which appellant timely filed this appeal with the following assignments of error:

"1. The trial court erred in its use of excluded hearsay testimonial and documentary evidence as a basis for Plaintiff's opinion of value.

"2. The trial court erred by dismissing defendant's counterclaim as against the manifest weight of the evidence."

In its first assignment of error, appellant contends that the amount awarded as damages for diminished value of the automobile was based on evidence excluded as hearsay.

Appellant distinguishes *Bishop* v. *The East Ohio Gas Co.* (1944), 143 Ohio St. 541, which the trial court's opinion relied upon, because of the owner's reliance on hearsay evidence to form her opinion as to the value of the automobile. *Bishop*, and the line of cases allowing owners' opinions as to value have never inquired as to the source of the owner's opinion. See, *Miller* v. *Banks* (1954), 97 Ohio App. 557; *Kohnle* v. *Carey* (1946), 80 Ohio App. 23. It was only that the owners' opinion was given validity.

In fact, *Kohnle*, allowed the owner to place a value on the car before the accident, $900, then deducted repairs of $224.50 and stated that the present value was $673.50. A similar cost of repairs argument was validated in *Automobile Club Inc. Co.* v. *Davis* (1970), 26 Ohio Misc. 37.

While the repair bill was hearsay for many purposes; *e.g.*, to show repairs actually were needed, the bill is not hearsay for the limited purpose of validating the cost of repairs.

This limited purpose was discussed in the trial court's opinion and judgment entry. As to the propriety of the court changing its mind, there is nothing which prohibits a trial court from modifying an interlocutory ruling when the parties are timely notified so that they can appropriately respond.

However, under these circumstances, appellant was prejudiced by the inability to rebut the validity and/or the cost of the repairs. Before appellant began presenting its case, the trial court ruled that all the evidence concerning the Aamco repairs would be stricken. Therefore, appellant had no reason to rebut this evidence. Appellant could assume there was no need to challenge whether the repairs were necessary, or whether the cost of the repairs was accurately reflected in the repair bill.

While this court would agree that appellant is liable because its acts constituted deceptive practices, appellant was effectively denied its day in court *as to damages* when the trial court reinstated the stricken evidence without notice or opportunity to rebut. As appellant was prejudiced by the trial court's treatment of the evidence concerning the cost of repairs, its first assignment of error is with merit.

In its second assignment of error, appellant contends that the trial court erred in dismissing its counterclaim based on the promissory note.

The trial court's findings were that defendant violated the Consumer Sales Practices Act, specifically R.C. 1345.02 (B)(1) and (2), and that appellee, according to R.C. 1345.09(A), was entitled to either recision or actual damages. Then, without further comment, the trial court dismissed appellant's counterclaim on the promissory note.

The trial court's finding that a deceptive trade practice occurred does not render the consideration insufficient. The promissory note remains enforceable unless voided on other grounds. Appellee retained possession of the automobile *and* she was compensated for repairs to the transmission. The agreement therefore does not lack sufficient consideration.

The promissory note was admitted into evidence and there was uncontroverted evidence of nonpayment. We find no basis for its dismissal. No interest was being charged and no finance charges were added, therefore, the sections of the Consumer Sales Practices Act which render contracts unenforceable do not apply.

R.C. 1317.06(A)(2) states:

"Sections 1317.01 to 1317.11 of the Revised Code do not apply to any sale in which the base

finance and service charge does not exceed the sum of fifteen dollars."

However, the acceleration clause in this case violates R.C. 1317.06(C), because the clause became effective after a default of only 10 to 21 days. While there is evidence of a violation of R.C. 1317.06, the penalty section R.C. 1317.99 does not authorize the voiding of the contract under these circumstances:

"* * *No seller shall pursuant to any provision in a retail installment contract arising out of a consumer transaction, accelerate any payments on account of a default in the making of an installment payment that has not continued for at least thirty days." R.C. 1317.06(C).

*Levine* v. *Baldwin* (1981), 23 0. 0. 3d 436, 438 has held that a violation of R.C. 1317.06 constitutes an unfair or deceptive act or practice under R.C. 1345.02 (B)(10). However, a violation of R.C. 1345.02(B) does not render the contract unenforceable under R.C. 1345.09, the relief provision.

The case at bar is distinguishable from *Domestic Credit Corporation* v. *Vasquez* (Jan. 29, 1981), Cuyahoga App. No. 41985, unreported. In that case, interest was charged and an impermissible acceleration clause violated not only R.C. 1317.06, but also rendered the promissory note unenforceable under R.C. 1317.08. The acceleration clause allowed the collection of unearned interest, thereby causing the promissory note to be rendered unenforceable. It was not, as in this case, the improper acceleration clause standing alone, which rendered the promissory note unenforceable. As such, appellant's second assignment of error is with merit.

Appellant also contends that this court by virtue of App. R. 12(C) should not only reverse the trial court's decision, but also enter final judgment in appellant's favor. App. R. 12(C) allows the appellate court to enter final judgment, but does not command the appellate court to enter final judgment. The appellate court may, in the alternative, remand to the trial court, where damages should be determined and offset against the balance owed on the promissory note, unless the trial court finds other grounds for voiding the contract.

*Judgment reversed and cause remanded.*

FORD, J., and COX, J., Seventh Appellate District, sitting by assignment, concur.