DECISION AND JOURNAL ENTRY
Appellant Deanna Woods has appealed from a judgment of the Summit County Common Pleas Court that granted summary judgment in favor of Appellee Motorist Mutual Insurance Company (Motorist Mutual). This Court affirms.
 I.
On August 8, 1998, Appellant Deana Woods, laying in the driveway of a home in Springfield Township beside a "Toyota 4 Runner," suffered a gunshot wound to her right arm, right elbow, right hip and buttocks. The shot was fired from a pistol owned and in the hand of Ralph Paul Cushion II. Both Woods and Cushion had spent the day consuming alcohol and various illicit drugs, while travelling around northeast Ohio in Cushion's "4Runner." At the time of the shooting, each individual was intoxicated and had been arguing with the owners of the home where the "4Runner" was parked. As a result of the incident, Cushion was charged, tried and convicted of felonious assault.[1]
On October 5, 1998, Woods filed a complaint in the Summit County Common Pleas Court, seeking money damages from Cushion. The complaint specifically alleged that Cushion "negligently discharged a firearm into [Woods'] body" and that he "unlawfully, intentionally, and/or maliciously discharged a firearm into [Woods'] body." Cushion timely filed an answer and placed the case in issue.
On February 8, 1999, Motorist Mutual filed a motion to intervene, claiming (1) that it was not obligated to provide either a defense or indemnification to Cushion for the matters alleged in Woods' complaint, and (2) that if the trial court denied the motion to intervene, Motorist Mutual's interests would effectively be impaired. Thereafter, Motorist Mutual's motion was granted, and it filed a complaint seeking a declaratory judgment against both Woods and Cushion as to Motorist Mutual's obligations as a result of the incident on August 8, 1998. Essentially, Motorist Mutual alleged that no coverage was available under either Cushion's automobile insurance policy or his grandmother's homeowner policy because the shooting of Woods was intentional.
Woods filed an answer and asserted a counterclaim, alleging that indeed coverage did exist under Cushion's automobile insurance policy. In addition, Woods claimed that if the trial court held that liability insurance coverage should not be provided, then Cushion would be an uninsured motorist. As a result, she alleged, uninsured motorist benefits inured to her benefit.
After leave of court was granted, Motorist Mutual filed a motion for summary judgment, arguing that the respective polices specifically excluded coverage for intentional acts such as Cushion's shooting of Woods. Woods filed a brief in opposition to the motion, but Cushion failed to respond. On November 16, 1999, the trial court granted Motorist Mutual's motion for summary judgment against Woods and Cushion, dismissed Woods' counterclaim and certified the matter, finding no just reason for delay. Woods timely appealed, asserting two assignments of error.
 II. First Assignment of Error The trial court erred to the prejudice of [Woods] in dismissing [her] counterclaim and motion to strike and granting [Motorist Mutual's] motion for summary judgment.
For her first assignment of error, Woods has argued that the trial court erred as a matter of law for two reasons. First, she has argued that this case was brought pursuant to R.C. 2307.60(A), and that as a result, any reliance on Cushion's criminal conviction was improper. Second, Woods has claimed that the evidence submitted does not trigger, as a matter of law, the intentional acts exclusions of either the homeowner's or automobile insurance policies.
In response, Motorist Mutual has argued, as the trial court held, that Woods' complaint does not invoke the statutory rights of victims of crime under R.C. 2307.60. Specifically, it has claimed that her complaint fails to make any reference to that statute and that, as a result, Woods cannot take shelter in its provisions.
Motorist Mutual has also argued that the homeowner insurance policy's language expressly precludes coverage where the tortious conduct was intentional. That policy provides, in pertinent part: "Personal Liability and Coverage F-Medical Payments to Others do not apply to `bodily injury' or `property damage': [w]hich is expected or intended by one or more `insureds.'" (Emphasis sic). Motorist Mutual has further claimed that Cushion's conviction for felonious assault, a violation of R.C. 2903.11(A)(2), conclusively established his intent to injure Woods. Finally, combining the language of the exclusion and the elements of felonious assault, Motorist Mutual has argued that the preclusion of coverage under the homeowner's insurance policy is inescapable.
As for the automobile insurance policy, Motorist Mutual has argued not only that the intentional acts exclusion precludes coverage, but that under the express language of the liability coverage section, Motorist Mutual was obligated to provide coverage for only those injuries resulting from an "auto accident."[2] The automobile insurance policy states, in pertinent part: "[Motorist Mutual] will pay damages for bodilyinjury or property damage for which any insured becomes legally responsible because of an auto accident." (Emphasis sic). Because Woods and Cushion were not involved in an automobile accident, Motorist Mutual refused coverage and, on appeal, has argued that the trial court properly granted summary judgment. This Court will address each policy in turn.[3]
With regard to the automobile insurance policy, this Court holds that the language therein clearly sets forth the type of liability coverage provided. Indeed, the liability and personal injury coverage was intended to include only those injuries resulting from automobile accidents. The injury to Woods was a gunshot wound and not the result of an "auto accident." According to the record, Cushion shot Woods from inside his "4Runner," while she was outside the vehicle, laying in the driveway. As such, under the language of the automobile insurance policy, Motorist Mutual is not obligated, as a matter of law, to provide a defense or indemnification to Cushion.
Turning to the homeowner's insurance policy, this Court would begin by observing that R.C. 2307.60(A) provides, in pertinent part: "A record of a conviction, unless obtained by confession in open court, shall not be used as evidence in a civil actionbrought pursuant to division (A) of this section." (Emphasis added). As the court held in West American Ins. Co. v. Carter
(1989), 50 Ohio Misc.2d 20, 23, R.C. 2307.60(A) does not provide the exclusive remedy for a victim of a crime to recover damages from a criminal/tortfeasor. As such, and because (1) Woods failed to specifically plead this action as a R.C. 2307.60(A) claim and (2) summary judgment was granted on Motorist Mutual's declaratory judgment complaint, this Court holds that Cushion's conviction may be considered and that the trial court's denial of Woods' motion to strike was proper.
Having determined that R.C. 2307.60(A) does not apply in this instance, this Court would continue by noting that a criminal conviction, in and of itself, conclusively establishes intent for purposes of applying an intentional acts exclusion. Allstate Ins.Co. v. Cole (1998), 129 Ohio App.3d 334, 336; see, also, Nearor v.Davis (1997), 118 Ohio App.3d 806, 810-811; Allstate Ins. Co. v.Hevitan (Jan. 24, 1996), Medina App. No. 2443-M, unreported, at 3-4. Cf. Nationwide Mut. Ins. Co. v. Machniak (1991), 74 Ohio App.3d 638,641. However, this rule is not "iron-clad." A conviction involving the culpable mental state of knowingly is sufficient to trigger an intentional acts exclusion, only so long as the exclusion is not restricted to purely intentional acts, but includes the expected results of one's acts. Nationwide Mut. Fire Ins. Co. v. Carreras
(Nov. 15, 1995), Lorain App. No. 95CA006031, unreported, at 5-6. See, e.g., Metropolitan Property and Cas. Ins. Co. v. Lengyel (May 31, 2000), Summit App. Nos. 19460, 19479, unreported, at 5.
In the present case, Cushion was previously convicted of felonious assault, a violation of R.C. 2903.11(A)(2). That section provides, in pertinent part, "No person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." (Emphasis added.) The Revised Code defines "knowingly" as follows:
 A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
R.C. 2901.22(B). Because the language of the homeowner policy at issue in this case excludes coverage for bodily injury which was "expected or intended" by Cushion, coverage under the homeowner policy is precluded as a matter of law. In light of the foregoing determinations, Woods' first assignment of error is overruled.
 Second Assignment of Error The trial court erred to the prejudice of [Woods] by holding that [she] could not be covered by [Cushion's] uninsured motorist insurance coverage.
For her second assignment of error, Woods has argued that the trial court incorrectly determined that she was not occupying the "4Runner" for purposes of obtaining uninsured benefits under the automobile insurance policy. In her counterclaim, Woods alleged that if the policy precluded liability coverage for Cushion, that he in turn qualified as an uninsured motorist. She further alleged that because she was "occupying" the vehicle at the time of the shooting, she qualified as an insured. As a result, Woods has claimed that she is entitled to recover under the uninsured motorist provision of the policy. In support of this position, Woods has relied on the language of Part C of the policy, titled "Uninsured Motorist Coverage." That provision provides, in pertinent part: "`Insured' as used in this Part means: * * * Any other person occupying your covered auto." (Emphasissic). In short, Woods has argued that her counterclaim was improperly dismissed because she had an "immediate relationship" with and was, ergo, "occupying" the "4Runner," and that as an insured, she is entitled to recover damages.
Motorist Mutual has responded, advancing several arguments. First, Motorist Mutual has argued that, regardless of the propriety of the trial court's determination that Woods was not "occupying" the "4 Runner," uninsured motorist coverage should not be extended to Woods because under the language of the policy, Cushion's "4 Runner" cannot constitute an "uninsured motor vehicle." To support this argument, Motorist Mutual has pointed to a separate portion of "Uninsured Motorist Coverage" section, which provides, in pertinent part:
 [Motorist Mutual] will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:
1. Sustained by an insured; and
2. Caused by an accident.
(Emphasis sic). Motorist Mutual has also directed this Court's attention to the policy's express definition of "uninsured motor vehicle," which states, in part: "uninsuredmotor vehicle does not include any vehicle or equipment: 1. Owned by or furnished or available for the regular use of you or any family member[.]" The policy defines "you" as the policyholder, i.e. Cushion. In sum, citing the express language of these provisions, Motorist Mutual has argued that Cushion's "4 Runner" cannot constitute an uninsured motor vehicle under the policy. Bearing this proposition in mind, Motorist Mutual further maintained that uninsured motorist coverage cannot be extended to a passenger in an otherwise insured vehicle.
Second, Motorist Mutual has argued, as the trial court held, that Woods was not "occupying" the "4 Runner" at the time of the shooting. Indeed, Motorist Mutual has taken issue with Wood's argument that lying beside a "4 Runner" in an utter state of intoxication constitutes occupation of any vehicle. Instead, Motorist Mutual has maintained that because she was not operating the vehicle and was on the ground beside it, she was not "occupying" the "4 Runner" and does not qualify as an "insured" under the terms of the automobile insurance policy.
The Ohio Supreme Court once noted that "occupying" has been liberally construed to permit recovery for injuries sustained while an insured was performing tasks related to the operation of the vehicle. See Kish v. Central Natl. Ins. Group (1981),67 Ohio St.2d 41, 51-52, citing Robson v. Lightning Rod Mutl. Ins.Co. (1978), 59 Ohio App.2d 261 and Madden v. Farm Bur. Mut. AutoIns. Co. (1948), 82 Ohio App. 111. The court has also opined that the analysis should take into account the immediate relationship the claimant has with the vehicle, within a reasonable geographic area. See Joins v. Bonner (1986), 28 Ohio St.3d 398, 401. In the case at bar, however, Woods was not performing a task intrinsically related to the operation of the "4Runner." While Woods was laying in the driveway beside the "4Runner," it is clear from the record that Woods was neither inside the vehicle nor attempting to operate, load or repair it. Thus, even a liberal construction of "occupying" cannot bring the instant facts within the ambit of the term. This Court, therefore, concludes that Woods was not "occupying" the "4Runner" and not an "insured" as meant under the policy.[4] The trial court's determination was not in error. Woods' second assignment of error is overruled.
 III.
Woods' assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT, BAIRD, P. J., CONCURS, CARR, J.CONCURS IN JUDGMENT ONLY.
[1] This Court affirmed that conviction in State v. Cushion
(Mar. 8, 2000), Summit App. No. 19523, unreported.
[2] Due to this Court disposition, infra, Motorist Mutual's argument regarding the intentional acts exclusion of the automobile insurance policy will not be addressed.
[3] In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. In this case, the facts are undisputed. Thus, while this Court's review is de novo, only the trial court's application of the law remains at issue.
[4] Because this Court concludes that Woods was not an insured as defined under the uninsured motorist portion of the automobile insurance policy, it declines to address Motorist Mutual's first argument regarding the definition of an "uninsured motor vehicle."