{¶ 25} R.C. 5715.19(A)(1)(e) authorizes an action seeking tax valuation relief when the action is brought by a "person owning taxable property" in the county or taxing district, or the person's spouse, or certain licensed and/or credentialed professionals and organizations, as well as political subdivisions of various kinds or their officers.
 {¶ 26} The action brought here concerned the tax valuation of common areas of the Plaintiff condominium association. The common areas and facilities of a condominium property are owned by the unit owners as tenants in common. R.C. 5311.04(A). That property is administered by the unit owners association. R.C. 5311.08. R.C. 5311.20 provides, inter alia: "In any action relating to the common areas and facilities . ., the unit owners association may sue or be sued as a separate legal entity."
 {¶ 27} "R.C. 5311.20 authorizes the transfer of all causes of action pertaining to the common area . . . to the Owners Association." Stony Ridge Hill Condominium Owners Assn. v.Auerbach (1979), 60 Ohio App.2d 40, 44. Therefore, an owners association is the proper party to bring an action that concerns the common areas to which the owners hold title and have rights as tenants in common. Id; Gardens of Bay Landing Condominiumsv. Flair Builders, Inc. (1994), 96 Ohio App.3d 353.
 {¶ 28} Auerbach involved common law actions for breach of contract and fraudulent misrepresentation. Flair Builders, Inc.
involved a common law action for negligent construction. The action that was brought here, pursuant to R.C. 5715.19, is a statutory proceeding. That makes no difference with respect to standing, except to the extent that a condominium owners association is not one of the persons or entities specifically authorized by R.C. 5715.19(A)(1)(e) to bring the action. That presents no reason, in my view, to deny the owners association the right that the section confers on "persons" as owners when R.C. 5311.20 specifically authorizes the association to exercise the rights of the owners with respect to their standing to sue in controversies involving the common areas.
 {¶ 29} If a condominium owners association is not permitted to bring an R.C. 5715.19 valuation action concerning common areas, it can then be brought only by one or more of the unit owners, individually, as a group, or as a class action. To do so imposes an undue burden on those who must prosecute the action. It might even result in an order benefitting one or more of the owners but fewer than all, each of whom has a separate tax obligation with respect to the common areas.
 {¶ 30} The Board relied on Point East CondominiumAssociation, Inc. v. Cuyahoga County Board of Revision (Aug. 1, 1997), BTA Nos. 1996-P-367-368, which held that an owners association lacks standing to bring an R.C. 5715.19 valuation action. However, the relief plaintiff association in that case sought concerned the valuation of individual units, not the common areas. Individual units are owned by the unit owners, who must pay the taxes on it, and reasonably are the persons who must commence the action. The individual unit owner or owners might likewise be required to commence a valuation action with respect to common areas they own as tenants in common, except that R.C.5311.20 specifically authorizes the owners association to bring such an action in its own name, on the owner's behalf.
 {¶ 31} Any reason to limit standing to bring a valuation action to natural persons as owners is undermined by the breadth of R.C. 5715.19(A)(1)(c). In addition to "persons" who are owners, the section permits an action to be commenced by qualified appraisers, CPAs, real estate brokers, trustees, county commissioners, prosecuting attorneys, county treasurers, township trustees, boards of education, and mayors or the legislative authority of a municipal corporation. None of those is defined according to the narrow incidents of ownership on which the majority relies: a possessory estate in lands.
 {¶ 32} The majority relies on Society National Bank v. Boardof Revision (1998), 81 Ohio St.3d 401, which held that a seller, even though it had owned the property on the tax lien date that its appeal concerned, lacked standing to commence an R.C.5715.19(A)(1) appeal after it sold the property. The court reasoned that the seller then could not be a "person owning taxable real property in the county or taxing district" on whom the section confers standing. The court further reasoned that, in that circumstance, the former owner is not a "party affected thereby or his agent," to whom, per R.C. 5715.13, the board may grant a decrease in valuation upon an application filed. The facts here are sufficiently different that the decision inSociety Bank offers little guidance, in my view.
 {¶ 33} The General Assembly enacted R.C. 5311.20 specifically to permit condominium associations to prosecute actions on behalf of unit owners when the action involves issues concerning common areas to which the owners hold title as tenants in common. There is no reason to find that the right that section confers does not extend to R.C. 5315.19 valuation actions when the matter in issue is the tax valuation of a condominium association's common areas. I would sustain the assignment of error, and would reverse and remand for further proceedings.