OPINION *Page 2 
{¶ 1} These are two appeals consolidated for the purposes of this opinion. In App. No. 2008CA0085, plaintiffs Whitney Bingham and Cynthia Bender appeal a judgment of the Municipal Court of Canton, Stark County, Ohio, which sustained the objection of defendant Taylor Slabach to the award of damages recommended by the magistrate to whom the matter had been referred. In 2008CA0086, plaintiffs Taylore Bingham and Cynthia Bender appeal a judgment of the Canton Municipal Court which sustained the objections of the defendant Taylor Slabach to the damage award recommended by the magistrate.
 {¶ 2} Whitney and Taylore Bingham are daughters of Cynthia Bender. On September 10, 2006, Whitney was driving Bender's 1996 Mitsubishi Eclipse and Taylore was in the passenger seat. Appellee Taylor Slabach failed to yield the right of way from a stop sign and collided with the Mitsubishi Eclipse. Whitney Bingham and Cynthia Bender brought suit against appellee Slabach, and in a separate action, Taylore Bingham and Cynthia Bender filed suit against appellee Slabach. Appellee failed to respond to the complaints in a timely manner, and the court granted default judgment in favor of all three plaintiffs.
 {¶ 3} Thereafter, a magistrate conducted a damages hearing, in which appellee was permitted to participate. The magistrate awarded Whitney Bingham $275.97 for her medical bills, and $3,500.00 for past pain and suffering. Cynthia Bender was awarded $1,724.03 for lost consortium with Whitney, and $9,500 for property damage. The magistrate awarded Taylore $1,470.00 for medical bills, $3,500.00 for past pain *Page 3 
and suffering, and $2,500.00 for future pain and suffering. Cynthia Bender was awarded $2,530.00 for loss of consortium with Taylore Bingham.
 {¶ 4} Appellee filed objections to the magistrate's decisions, and the trial court reduced the magistrate's awards. The trial court awarded Whitney Bingham $260.00 for medical bills and $1,000.00 for past pain and suffering. The court awarded Cynthia Bender $500.00 for loss of consortium with Whitney, and $3400.00 for her property damage. The trial court awarded Taylore Bingham $1470.00 for medical bills and $2,500.00 for past pain and suffering. The court did not make an award for Taylore's future pain and suffering. The court awarded Cynthia Bender $1,000.00 for the loss of consortium with Taylore.
 {¶ 5} We will address App. No. 2008CA0085 first. In this case, appellants Whitney Bingham and Cynthia Bender assign three errors to the trial court:
 {¶ 6} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT STATED THAT APPELLANTS WERE NOT ENTITLED TO RECOVER STORAGE FEES, RENTAL CAR FEES, TOWING FEES, AND SALES TAX THAT WERE DIRECTLY AND PROXIMATELY CAUSED BY THE COLLISION.
 {¶ 7} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT HELD KELLEY'S BLUE BOOK VALUE IS INADMISSIBLE HEARSAY AND THEREFORE NOT ADMISSIBLE TO PROVE THE VALUE OF APPELLANT BENDER'S ECLIPSE.
 {¶ 8} "III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT RELIED ON INCORRECT FACTS IN REDUCING APPELLANT WHITNEY'S DAMAGES FOR PAIN AND SUFFERING." *Page 4 
 {¶ 9} Our standard of reviewing a trial court's decision regarding a magistrate's report is the abuse of discretion standard, Wade v.Wade (1996), 113 Ohio App. 3d 414. The Supreme Court has defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable, Blakemore v. Blakemore
(1983), 5 Ohio St. 3d 217. In applying the abuse of discretion standard, this court may not substitute our judgment for that of the trial court,Pons v. Ohio State Medical Board (1993), 66 Ohio St. 3d 619.
 I II {¶ 10} At the hearing, appellant testified she purchased the vehicle on November 3, 2005, for $3500.00. At the time of purchase, the car had 87,468 miles on it. Appellant Bender testified the vehicle was in excellent condition at the time of the collision, and it had new tires, belts and brakes. The car was totaled in the accident.
 {¶ 11} Appellant Bender testified to Exhibit 27, a printout from the Kelley Bluebook website which stated the fair market value of a 1996 Mitsubishi Eclipse in excellent condition is $5,645.00. She also testified the sales tax on that price would be $338.70. Appellee did not object to the testimony at the hearing, and did not present evidence as to the condition or value of the car.
 {¶ 12} Appellant Bender testified because of the collision, she incurred towing, labor, and storage charges of $930.00. Appellant Bender paid $379.00 to rent a replacement car. Appellant Bender testified after she incurred the above charges, she got into disagreements with the insurance company, and she had the vehicle towed to another location. She kept the vehicle there in order to preserve it during the dispute *Page 5 
with insurance company. Appellant Bender testified the bill was $2,220.00 to store the vehicle.
 {¶ 13} The magistrate awarded appellant Bender $9,507.70 for her property damages.
 {¶ 14} Appellee objected to the property damage award, arguing it was not supported by the evidence presented at the hearing. Appellee argued the value of $5,645.00 is inconsistent with the actual purchase price, and except for her own testimony, appellant Bender had not presented any evidence her vehicle was in excellent condition or had low mileage. Appellee did not challenge the admissibility of the $5,645.00 value other than to indicate it was based on a search of the Internet.
 {¶ 15} In its judgment entry of April 4, 2008, the court found the Kelley Blue Book value of $5,645.00 was inadmissible hearsay. The court found a plaintiff seeking recovery for damages to an automobile is limited to the difference in fair market value of the vehicle immediately before and immediately after the collision. The court found the best evidence of the value of the Mitsubishi Eclipse was the purchase price of $3,500.00, and the court found after the accident it had a salvage value of $100.00. The court subtracted the salvage value from the purchase price, and found appellant Bender was entitled to $3,400.00 for her property damage claim.
 {¶ 16} We find the trial court abused its discretion in finding the Kelley Blue Book value is inadmissible hearsay. Appellee failed to object to the admission of the Blue Book value at the hearing, and her objections to the magistrate's decision do not directly raise the issue of hearsay. Thus, we find the trial court was incorrect in finding the only evidence of the fair market value of the property was the purchase price. *Page 6 
 {¶ 17} Likewise, there was no evidence presented at the hearing regarding the salvage value of the vehicle, which at the time of the hearing was still in storage pending the outcome of the tort action. We find the court erred in establishing a salvage value to the vehicle.
 {¶ 18} The owner of property is competent to testify regarding the market value of the property, Smith v. Padgett (1987),32 Ohio St. 3d 344. Although the purchase price of an item may be the measure of its fair market value, the actual worth may be more or less than the purchase price, see Stringfield v. Stringfield, Monroe App. No. 05MO16,2007-Ohio-1116 at 23.
 {¶ 19} Here, there is a wide disparity between the purchase price and the Blue Book value. Appellant Bender offered testimony the car was in excellent condition and she had new tires and other work done on it. Appellee presented no evidence to the contrary.
 {¶ 20} Regarding the balance of the magistrate's award, appellant Bender is entitled to recover all the costs proximately caused by appellee's negligence. We find the record demonstrates appellant Bender paid for towing, storage, and a rental car, all necessitated by appellee's negligence in causing the action. However, we find the $2220.00 appellant Bender paid for further storage was an expense not proximately caused by the accident.
 {¶ 21} In conclusion we find the trial court did not err in deducting the long-term storage costs from the magistrate's recommended award, but the trial court did err in reducing the other damages.
 {¶ 22} The first assignment of error is sustained in part and overruled in part. *Page 7 
 {¶ 23} The second assignment of error is sustained.
 III {¶ 24} In their third assignment of error, appellants argue the court abused its discretion when it misstated the facts in reducing appellant Whitney Bingham's damages for pain and suffering. Specifically, the trial court found appellant Whitney Bingham did not miss any school as a result of the accident. Whitney testified she went back to school immediately after the collision, but could not stay more than one-half day. Thereafter, she ended up taking off "about a week maybe".
 {¶ 25} Appellant Whitney testified at the accident, she was "jolted", her face hit the air bag, and her knee struck the steering wheel. Whitney testified her whole body was sore, and she was diagnosed as having a deep tissue bruise or blood clot on her left leg. Whitney testified she had to use crutches for two weeks. Whitney had scratches on her face and near her chin, and recurring random pain in her neck.
 {¶ 26} The magistrate found the witnesses were credible and their testimony reasonable. We find based upon the trial court's misstatement of the facts, it abused its discretion in reducing Whitney's compensation for non-economic loss.
 {¶ 27} The third assignment of error is sustained.
 {¶ 28} Turning now to App. Case No. 2008-CA-0086, appellants Taylore Bingham and Cynthia Bender assign a single error to the trial court:
 {¶ 29} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO COMPENSATE APPELLANT TAYLORE BINGHAM FOR HER FUTURE PAIN AND SUFFERING; EXPERT TESTIMONY IS NOT REQUIRED TO ESTABLISH CAUSATION OF FUTURE PAIN AND SUFFERING WHEN, VIA DEFAULT *Page 8 
JUDGMENT, CAUSATION HAS ALREADY BEEN ADMITTED BY THE DEFAULTING PARTY."
 {¶ 30} Appellants argue their complaint alleged as a direct and proximate result of appellee's negligence, appellant Taylore Bingham will continue to suffer physical injuries, mental anguish, emotional distress, and will incur medical and hospital expenses. The complaint alleged appellant Taylore has suffered a loss of enjoyment of life which will continue into the future, and appellant Cynthia Bender has incurred medical and hospital expenses for the treatment of her daughter's injuries and will continue to incur medical and hospital expenses.
 {¶ 31} Appellee did not file an answer to the complaint, and the court entered default judgment as to liability. The court subsequently overruled her motion to vacate the judgment, finding appellee failed to set forth a meritorious defense.
 {¶ 32} A defendant's failure to timely respond to a complaint constitutes an admission the allegations in the complaint are true,Sokol v. Spigiel, Lorain App. No. 05CA008839, 2006-Ohio-4408
at paragraph 14. We find appellee's failure to file an answer to either complaint resulted in her admitting all the allegations in the complaints.
 {¶ 33} The trial court found there was no medical testimony presented regarding Taylore's injuries or her prognosis. The trial court found Taylore has a scar on her nose and feels a bump there, and is nervous about riding in cars. The court found there was no evidence of the need of future medical treatment, and no evidence Taylore had any permanent injuries.
 {¶ 34} In Sokol, supra, the court noted once a default judgment has been entered, the only remaining issue is the amount of damages, and no medical testimony *Page 9 
or expert witness testimony is required because the defaulting party has admitted the allegations in the complaint. Only the amount of damages is a trialable issue.
 {¶ 35} The assignment of error is sustained.
 {¶ 36} For the foregoing reasons the judgment of the Municipal Court of Canton, Stark County, Ohio, affirmed in part and reversed in part, and pursuant to App. R. 12, we hereby enter the judgment the trial court should have rendered. We re-instate the award recommended by the magistrate, with the exception of the cost to appellant Cynthia Bender for the long-term storage. Appellant Taylore Bingham is awarded $7,470.00 for damages; appellant Whitney Bingham is hereby awarded $3775.97 for damages; appellant Cynthia Bender is awarded $1,724.03 for loss of the consortium of Whitney and $2,530.00 for loss of the consortium of Taylore. Appellant Cynthia Bender is awarded $7,280.00 for damage to her property.
 Gwin, P.J. Farmer, J., and Delaney, J., concur *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Canton, Stark County, Ohio, affirmed in part and reversed in part, and pursuant to App. R. 12, we hereby enter the judgment the trial court should have rendered. We re-instate the award recommended by the magistrate, with the exception of the cost to appellant Cynthia Bender for the long-term storage. Appellant Whitney Bingham is hereby awarded $3775.97. Appellant Cynthia Bender is awarded $1,724.03 for loss of consortium with Whitney. Appellant Cynthia Bender is awarded $7,280.00 for damage to her property. Costs to appellee. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Canton, Stark County, Ohio, affirmed in part and reversed in part, and pursuant to App. R. 12, we hereby enter the judgment the trial court should have rendered. We re-instate the award recommended by the magistrate. Appellant Taylore Bingham is awarded $7,470.00 for damages and Appellant Cynthia Bender $2,530.00 for loss of consortium with Taylore. Costs to appellee. *Page 1