[Cite as *State Farm Mut. Auto. Ins. Co. v. Williams*, 2013-Ohio-3884.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 13-CA-04 |
| | : | |
| BERNARD R. WILLIAMS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of
                              Common Pleas, Case No. 2010 CV
                              01160

JUDGMENT:                     AFFIRMED

DATE OF JUDGMENT ENTRY:       September 4, 2013

APPEARANCES:

For Plaintiff-Appellant:                For Defendant-Appellee:

ROGER H. WILLIAMS                       STEPHEN J. ZEEHANDELAR
425 W. Schrock Rd., Suite 201           ALESSANDRO SABATINO, JR.
Westerville, OH 43081                   BRITTANY M. HENSLEY
                                        471 E. Broad St., Suite 1500
                                        Columbus, OH 43215

*Delaney, J.*

{¶1} Defendant-Appellant Bernard R. Williams appeals the December 11, 2012 judgment entry of the Licking County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2} On August 13, 2008, Janet Starner was involved in a motor vehicle accident with Defendant-Appellant Bernard R. Williams in Licking County, Ohio. Williams rear-ended Starner's vehicle while Starner's vehicle was stopped in traffic. At the time of the accident, Starner was the named insured under an automobile insurance policy issued by Plaintiff-Appellee State Farm Mutual Automobile Insurance Company. Starner filed a claim through her uninsured/underinsured motorists coverage for her medical bills, pain and suffering, and other related damages from the automobile accident. State Farm paid Starner's UM/UIM claim in the amount of $100,000.00.

{¶3} State Farm filed a complaint for subrogation in the Licking County Court of Common Pleas on July 26, 2010. In its complaint, State Farm sought to recover $100,000.00 from Williams for payments made by State Farm to and/or on Starner's behalf pursuant to the UM/UIM provision of Starner's automobile insurance policy.

{¶4} The matter was tried before a jury on November 27 and 28, 2012.

{¶5} During State Farm's case, State Farm moved for a mistrial based on references made by Williams's counsel as to Williams's insurance coverage and his exposure. The trial court agreed the issue of Williams's insurance coverage should not be raised, but also found State Farm had failed to object to the mention of Williams's insurance coverage. It denied the motion for mistrial. The trial court instructed the jury

to disregard any questions, evidence, or testimony it may have heard regarding any insurance of Williams.

{¶6} At the close of State Farm's case in chief, Williams moved for directed verdict. Williams argued State Farm failed to establish it had standing to pursue the claim because the evidence did not show Starner assigned her rights or claim to State Farm. The trial court denied the motion. Williams renewed his motion at the close of all evidence. The trial court again denied William's motion for directed verdict.

{¶7} At the close of evidence, State Farm moved for a directed verdict on the issue of William's negligence. The trial court granted the motion.

{¶8} The trial court read the jury instructions to the jury. Two verdict forms and two interrogatories were given to the jury. One verdict form stated, "WE, THE JURY, DO HEREBY FIND IN FAVOR OF DEFENDANT. (at least six (6) jurors must sign)." The second verdict form read, "WE, THE JURY, DO HEREBY FIND IN FAVOR OF PLAINTIFF, and we find the total amount of compensatory damages Plaintiff is entitled to recover is $ _____. (at least six (6) jurors must sign)." Interrogatory A stated:

Was the Defendant's negligence a direct and proximate cause of any injury to Plaintiff's insured?

Circle your answer in ink: YES or NO

(1) If the answer of (six) (three-fourths) or more jurors to (A) is "yes," move to Interrogatory (B).

(2) If the answer of (six) (three-fourths) or more jurors to (A) is "no," sign the general verdict for the Defendant and report to the court that you have completed your deliberations.

(3) If (six) (three-fourths) jurors cannot agree on an answer to Interrogatory (A), report this to the court.

Interrogatory B stated:

State the total amount of compensatory damages to the Plaintiff's insured.

Wages, salaries, or other compensation (economic loss) $ _____

Expenses for medical care or treatment (economic loss) $ _____

Pain and suffering, disfigurement, mental anguish, or

Other intangible loss (non-economic loss) $_____

When the trial court read the jury instructions, the trial court did not give directions to the jury as to the verdict forms or interrogatories.

{¶9} After deliberation, the jury signaled it had reached a verdict. The trial court discovered the jury filled out one verdict form for a party, but did not fill out the interrogatories. The trial court stated, "You need to answer the interrogatories in order. Interrogatory A will then instruct you how to fill out your verdict forms. So follow that and you'll be set." (T. 281).

{¶10} The jury returned to deliberation and then signaled they reached a verdict. In open court, the trial court read the verdict. On Interrogatory A, the jury circled "yes" to find that Williams's negligence was a direct and proximate cause of any injury to State Farm's insured. Six jurors signed Interrogatory A. On Interrogatory B, the jurors stated they awarded State Farm zero dollars of compensatory damages and six jurors signed Interrogatory B. The six jurors who signed Interrogatory A were not the same six jurors who signed Interrogatory B.

{¶11} The two verdict forms were also signed by six jurors. In so signing both verdict forms, the jury found in favor of Williams and found in favor of State Farm, but awarded State Farm zero dollars in compensatory damages. However, the same six jurors did not sign both verdict forms -- one different juror signed each verdict form. After reading the verdicts, the judge sent the jurors to the jury room. (T. 282-284).

{¶12} In open court, the judge and counsel discussed the verdict forms and interrogatories:

THE COURT: Do you want to look at the verdict forms? I didn't check to see who signed which or try to figure out if –

MR. WILLIAMS [Defense Counsel]: Yeah. That's what I was thinking.

THE COURT: -- the same people signed each one or not.

MR. WILLIAMS: Six out of eight on one of them.

THE COURT: Yeah, just looks like six, but I don't know if it was the same six or anything. It doesn't look like they followed the instructions on the first interrogatory very well.

* * *

THE COURT: My question to you is what do you want to do with this right now? I'm open to suggestion.

MR. KAPLAN [Plaintiff Counsel]: Obviously, Your Honor, we didn't see the first set of forms that came out.

THE COURT: Right

MR. KAPLAN: I don't know how consistent these are with the first set of forms.

THE COURT: Well, they had only signed one the first time, so they've signed three more now.

* * *

MR. KAPLAN: I hate to say it, but it almost seems a mistrial. We've got jurors signing –

THE COURT: You can certainly make that argument, there's no doubt about it.

MR. KAPLAN: We've got jurors signing in favor of Plaintiff, and then on the same jury form signing in favor of Defendant.

THE COURT: I agree.

MR. KAPLAN: I'm sorry. I'll have to move for a mistrial; conflicting verdict forms after Round 2.

(T. 284-286).

{¶13} The judge and counsel then held a discussion off the record. The judge went back on the record:

We're here present in open court. Present is counsel. This is Case No. 2010 CV 1160. The jury has returned verdicts which are, as the Court read, in favor of Plaintiff, in favor of Defendant, awarding no damages or finding no damages due.

The Court will file stamp and journalize those at least to show that they – what were returned and keep them in the file, provide copies to counsel. I'll expect counsel to file an appropriate motion within the correct time on

what they're – how they wish to proceed in light of the various findings the

jury has made or not made.

MR. WILLIAMS: Okay

THE COURT: And then I'm going to go release the jurors and thank them,

tell them they did the right thing somehow. Okay. With that, I think we're

done for today. Thank you, gentlemen.

(T. 286-287).

{¶14} On December 5, 2012, Williams filed a Motion for Journalization of Defense Verdict. State Farm filed a Motion for New Trial on December 10, 2012.

{¶15} The trial court denied the motion for journalization of the defense verdict and granted the motion for new trial. The trial court stated the basis for its decision as: (1) the references to the insurance coverage of Williams during the trial; (2) the jury's verdict that the actions of Williams were the proximate cause of Starner's injuries, but the jury awarded no damages, leading the trial court to believe the jury decision was done under the influence of prejudice due to references to Williams's insurance coverage; (3) the parties stipulated to Starner's treatment at the hospital and the jury did not award damages for treatment; and (4) the trial court failed to read the interrogatories to the jury.

{¶16} It is from this decision Williams now appeals.

**ASSIGNMENTS OF ERROR**

{¶17} Williams raises three Assignments of Error:

{¶18} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING APPELLEE A NEW TRIAL CITING THE BASIS AS INCONSISTENT VERDICT FORMS

AND JURY INTERROGATORIES WHERE COUNSEL FOR PLAINTIFF FAILED TO OBJECT PRIOR TO THE DISCHARGE OF THE JURY.

{¶19} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN THE DENIAL OF DEFENDANT'S MOTION FOR JOURNALIZATION OF DEFENSE VERDICT.

{¶20} "III. THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION FOR DIRECTED VERDICT BECAUSE PLAINTIFF STATE FARM FAILED TO PRODUCE EVIDENCE THAT THEY HAD STANDING TO SEEK REIMBURSEMENT FOR ALLEGED PAYMENTS MADE."

**ANALYSIS**

*I.*

{¶21} Williams argues in his first assignment of error the trial court abused its discretion in granting State Farm's motion for new trial because State Farm failed to object to the inconsistent verdict forms and interrogatories before the trial court discharged the jury. We disagree.

{¶22} Our standard of review on a motion for new trial is abuse of discretion. Civ.R. 59. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). We must look at the totality of the circumstances in the case sub judice, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.

{¶23} As partial basis for the motion for new trial, State Farm raised the inconsistent verdict forms and interrogatories.

{¶24} The underlying purpose of jury interrogatories is to "test the correctness of a general verdict by eliciting from the jury its assessment of the determinative issues presented by a given controversy in the context of evidence presented at trial." *Winegar v. Creekside Crossing Homes Sales*, 5th Dist. Coshocton No. 08CA001, 2008-Ohio-5835, ¶ 27 citing *Cincinnati Riverfront Coliseum, Inc. v. McNulty Co.*, 28 Ohio St.3d 333, 337, 504 N.E.2d 415 (1986). Civ.R. 49(B) provides, in relevant part: "When the general verdict and the answers are consistent, the appropriate judgment upon the verdict and answers [to written interrogatories] shall be entered pursuant to Rule 58. When one or more of the answers is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial."

{¶25} An objection to inconsistent answers to jury interrogatories is waived unless the objection is raised prior to the jury's discharge. *Winegar*, 2008-Ohio-5835, ¶ 28 citing *Cooper v. Metal Sales Mfg. Corp.,* 104 Ohio App.3d 34, 42, 660 N.E.2d 1245 (11th Dist.1995). *See also*, *Napierala v. Szczublewski,* 6th Dist. Lucas No. L-02-1025, *2002-Ohio-7109,* at ¶ 17. This not only promotes the efficiency of trials, by permitting an opportunity for the inconsistencies to be reconciled without the need for another trial before a new trier of fact, but also prevents jury shopping by those who wait to object to an alleged inconsistency until after the jury is discharged. *Greynolds v. Kurman*, 91 Ohio App.3d 389, 395, 632 N.E.2d 946 (9th Dist.1993); *Napierala* at ¶ 17. *See Avondet v. Blankstein*, 118 Ohio App.3d 357, 369, 692 N.E.2d 1063 (8th Dist. 1997); *Romp v. Haig*, 110 Ohio App.3d 643, 647, 675 N.E.2d 10 (1st Dist.1995). If an objection is timely

made, "then the trial judge has an opportunity to correct such inconsistency by: '1. returning the jury for further consideration of its answer; 2. entering judgment in accordance with the answer; or 3. ordering a new trial'." *Cooper,* 104 Ohio App.3d at 42, 660 N.E.2d 1245, quoting *Haehnlein v. Henry*, 41 Ohio App.3d 233, 535 N.E.2d 343 (9th Dist.1987), paragraph one of the syllabus.  See also Civ.R. 49(B).

{¶26} In the present case, the judge read the general verdict and interrogatories in open court.  Once the verdicts were read, the judge sent the jurors back to the jury room.  Outside the presence of the jury and in open court, the parties then discussed the implications of the general verdicts and interrogatories.  Relevant to Williams's assignment of error, counsel for State Farm stated:

> MR. KAPLAN: I hate to say it, but it almost seems a mistrial.  We've got
>
> jurors signing –
>
> THE COURT: You can certainly make that argument, there's no doubt
>
> about it.
>
> MR. KAPLAN: We've got jurors signing in favor of Plaintiff, and then on
>
> the same jury form signing in favor of Defendant.
>
> THE COURT: I agree.
>
> MR. KAPLAN: I'm sorry.  I'll have to move for a mistrial; conflicting verdict
>
> forms after Round 2.

(T. 284-286).

{¶27} The judge and counsel then held a discussion off the record.  The judge went back on the record:

We're here present in open court.  Present is counsel.  This is Case No. 2010 CV 1160.  The jury has returned verdicts which are, as the Court read, in favor of Plaintiff, in favor of Defendant, awarding no damages or finding no damages due.

The Court will file stamp and journalize those at least to show that they – what were returned and keep them in the file, provide copies to counsel.  I'll expect counsel to file an appropriate motion within the correct time on what they're – how they wish to proceed in light of the various findings the jury has made or not made.

MR. WILLIAMS:  Okay

THE COURT: And then I'm going to go release the jurors and thank them, tell them they did the right thing somehow.  Okay.  With that, I think we're done for today.  Thank you, gentlemen.

(T. 286-287).

{¶28} In his response to the motion for new trial, Williams argued State Farm failed to object to the verdict forms and interrogatories before the jury was discharged. The trial court addressed Williams's argument in its judgment entry granting the motion for new trial, finding State Farm objected on the record and requested a mistrial before the jury was discharged.  Upon our review of the record, we agree with the trial court's finding.  State Farm raised the issue to the trial court before the discharge of the jury.

{¶29} The trial court had three options to reconcile the inconsistent verdict. Instead of returning the jury for further consideration or entering judgment, the trial court

instructed the parties to file motions within the correct time on how the parties wished to proceed based on the jury's inconsistent findings.

{¶30} Williams's first assignment of error is overruled.

*II.*

{¶31} Williams argues in his second assignment of error the trial court erred when it denied his motion for journalization of the defense verdict.  In his second assignment of error, Williams raises the same arguments as in his first assignment of error.  He states that because State Farm failed to object to the inconsistent verdicts, State Farm waived its arguments, thereby requiring the trial court to grant Williams's motion for journalization of the defense verdict.

{¶32} Based on our findings in the first assignment of error, we overrule Williams's second assignment of error.

*III.*

{¶33} In his third assignment of error, Williams argues the trial court erred in denying his motion for directed verdict.  At the close of State Farm's case in chief, Williams moved for directed verdict.  Williams argued State Farm failed to establish it had standing to pursue the claim because the evidence did not show Starner assigned her rights or claim to State Farm.  The trial court denied the motion.  It stated:

> The defense has moved for a directed verdict on the grounds that the Plaintiff has not established the right to subrogation, basically that they haven't entered into the – haven't shown a written contract, haven't entered into evidence the policy, no written evidence of any subrogation right.

Civil Rule 50, which deals with directed verdict, requires the Court to decide those issues construing the evidence in the light most favorable to the opposing party. On the basis of the testimony that the Starners were insured and the insurance policy granted them the right of subrogation under which they provided that payment and brought this suit, and only on that basis, I will overrule the motion for directed verdict made at the close of Plaintiff's case.

(T. 220-221). Williams renewed his motion at the close of all evidence. The trial court again denied William's motion for directed verdict.

{¶34} A trial court's decision on a motion for directed verdict presents a question of law, which an appellate court reviews de novo. *Groob v. Keybank,* 108 Ohio St.3d 348, 2006–Ohio–1189, 843 N.E.2d 1170, ¶ 14. Civ. R. 50 provides for a motion for directed verdict, which may be made at the opening statement of the opponent, at the close of the opponent's evidence, or at the close of all the evidence. Upon receiving a motion for directed verdict, the trial court must construe the evidence most strongly in favor of the party against whom the motion is directed. *See* Civ. R. 50(A)(4). If the trial court finds on any determinative issue reasonable minds could come but to one conclusion on the evidence submitted, then the court shall sustain the motion and direct the verdict as to that issue. A directed verdict is appropriate where a plaintiff fails to present evidence from which reasonable minds could find in the plaintiff's favor. *See Hargrove v. Tanner,* 66 Ohio App.3d 693, 586 N.E.2d 141 (9th Dist.1990).

{¶35} State Farm brought its claim against Williams pursuant to a right of subrogation under the terms of the automobile insurance policy issued by State Farm to

the Starners. At trial, Kirsten Elliot, a claim representative with State Farm, testified on behalf of State Farm. She testified at the time of the accident, Janet Starner was a named insured under an automobile insurance policy issued by State Farm. (T. 203). The automobile insurance policy included uninsured/underinsured motorist coverage. (T. 204). State Farm paid Janet Starner $100,000.00 under the terms of the uninsured/underinsured motorists coverage based on the August 13, 2008 automobile accident. (T. 205). Plaintiff's Exhibit 8, admitted into evidence, listed the payments made to Janet Starner under the State Farm policy. (T. 205). Elliot testified the State Farm policy under which the payments were made to Starner provided for a right of subrogation. *Id.*

{¶36} An insurer's right to be subrogated to the right of its insured arises either from the right of conventional subrogation, that is subrogation by agreement of the parties, or equitable subrogation by operation of law. Conventional subrogation is based on the contractual obligations of the parties. *Blue Cross & Blue Shield Mut. of Ohio v. Hrenko*, 72 Ohio St.3d 120, 121, 647 N.E.2d 1358 (1995). Equitable subrogation applies when one person is subrogated to certain rights of another so that the person is substituted in the place of the other and succeeds to the rights of the other. *Ohio Dept. of Taxation v. Jones*, 61 Ohio St.2d 99, 100–101, 15 O.O.3d 132, 399 N.E.2d 1215 (1980).

{¶37} It has been held, pursuant to the doctrine of equitable subrogation, the right of subrogation does not depend upon a subrogation agreement but upon the relations of the parties. *Travelers Indemn. Co. v. Brooks*, 60 Ohio App.2d 37, 38-39, 395 N.E.2d 494 (1977). "It follows that an insurance company need not prove the

existence of a subrogation agreement in an action brought by the insurer and the insured against a defendant wrongdoer for damages suffered by the insurer and insured, and recovery may be had despite the lack of such proof, since the wrongdoer is not prejudiced thereby.'"  *Warmack v. Arnold*, 195 Ohio App.3d 760, 2011-Ohio-5463, 961 N.E.2d 1165, ¶ 17 (1st Dist.) quoting *Brooks* at 38–39, 395 N.E.2d 494.

{¶38} Further, in *Grange Mut. Cas. Co. v. King*, 10th Dist. Franklin No. 82AP–569, 1982 WL 4541 (Nov. 30, 1982), the court found Grange did not have to introduce into evidence an insurance policy, an assignment, or a subrogation agreement to demonstrate its right to recover from a tortfeasor who had damaged its insured's car. *Id.* at 4.  The court held that sufficient evidence of subrogation had been presented through the testimony of its insured that he was insured by Grange, which had paid him for the repair of his car, and through the testimony of a Grange representative as to the existence of the policy and the amount of the repair bill.  *Id.* at 3–4.

{¶39} In this case, Starner testified she was insured by State Farm, to which she submitted her claim.  (T. 131).  A State Farm representative testified the Starners were named insureds under an automobile liability policy providing UM/UIM coverage. Payments were made by State Farm to Janet Starner pursuant to the UM/UIM coverage.  The UM/UIM coverage provided a right of subrogation to State Farm.  We find the evidence in the present case supports the trial court's decision to deny the motion for directed verdict.

{¶40} Williams's third assignment of error is overruled.

**CONCLUSION**

{¶41} The three assignments of error of Defendant-Appellant Bernard R. Williams are overruled.

{¶42} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Baldwin, J., concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. CRAIG R. BALDWIN


PAD:kgb/PM