[Cite as *State Farm Mut. Auto. Ins. Co. v. Cheeks*, 2014-Ohio-410.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE FARM MUTUAL | : | Hon. W. Scott Gwin, P.J. |
| AUTOMOBILE INSURANCE | : | Hon. William B. Hoffman, J. |
| COMPANY | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| Plaintiff-Appellee | : |  |
|  | : | Case No. 2013CA00135 |
| -vs- | : |  |
|  | : |  |
| JAMES T. CHEEKS, JR. | : | O P I N I O N |
|  |  |  |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:    Civil appeal from the Stark County Court of
Common Pleas, Case No. 2013-CV-00160

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    February 3, 2014

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

STEVEN ZEEHANDELAR            RAYMOND MUELLER
BRITTANY HENSLEY                Pelini, Campbell & Williams, LLC
ALESSANDRO SABATINO. JR.        8040 Cleveland Avenue N.W., Ste. 400
471 E. Broad St. Suite 1500            North Canton, OH  44720
Columbus, OH 43215

*Gwin, P.J.*

{¶1} Appellant appeals the June 6, 2013 judgment entry of the Stark County Common Pleas Court granting summary judgment to appellee on its complaint.

*Facts & Procedural History*

{¶2} On January 19, 2011, appellant James T. Cheeks, Jr. operated a motor vehicle and caused a collision between his vehicle and the vehicle of Ronald Posey ("Posey") when appellant went left-of-center. The accident occurred in Paris Township, Stark County, Ohio. Posey's vehicle was damaged in the accident. Posey had an insurance policy with appellee State Farm Mutual Automobile Insurance Company. Appellee paid Posey $35,757.19 for the loss of his vehicle and $200.00 for rental expenses.

{¶3} On January 16, 2013, appellee filed a subrogation action arising out of the January 2011 automobile collision. The complaint alleged that, as a direct and proximate result of appellant's negligence, Posey incurred damage to his motor vehicle of $35,757.19 and rental expenses of $200.00. Further, that, pursuant to the insurance policy, appellee paid these amounts to Posey and thus is subrogated in those amounts, less a net salvage recovery it received in the amount of $6,075.37. Appellee requested a judgment against appellant in the amount of $29,881.82 plus interest and costs.

{¶4} Appellant filed an answer to the complaint on February 8, 2013. On May 22, 2013, appellee filed a motion for summary judgment. Appellee included an affidavit of a State Farm company representative, Maria Fisher ("Fisher"), in the motion for summary judgment. The affidavit stated that the vehicle was inspected and determined by appellee to be damaged and deemed a total loss. Further, that appellee used a

NADA valuation report to determine the fair market value of Posey's vehicle, based on the value prior to the collision, of $33,875.00. The affidavit stated that appellee determined Posey was entitled to compensation in the amount of $2,117.19 and $15.00 for taxes and title fees. Also attached as an exhibit to the motion for summary judgment is appellee's record of payments setting forth the payments appellee made to Posey and Posey's affidavit. Appellant filed a response to appellee's motion for summary judgment and argued that Posey was comparatively negligent and that a fair market value damages calculation does not include tax and title fees.

{¶5} On June 6, 2013, the Stark County Common Pleas Court granted appellee's motion for summary judgment against appellant for $29,881.82, plus costs and interest at the statutory rate of 3% per annum. Appellant appeals the June 6, 2013 judgment and assigns the following as error:

{¶6} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY WHERE MATERIAL FACTS WERE AT ISSUE."

I.

*Summary Judgment*

{¶7} Civ.R. 56 states, in pertinent part:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or

stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

{¶8} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶9} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶10} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrates absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

*Fisher's Affidavit*

{¶11} Appellant first argues the trial court erred in granting summary judgment to appellee because Fisher's affidavit is defective. Appellant contends her affidavit is defective because the affidavit does not indicate she created the NADA report and the affidavit is inadequate to explain appellee's determination of salvage value.

{¶12} Appellant raises these arguments for the first time on appeal. A party cannot assert new arguments for the first time on appeal. *Stores Realty Co. v. Cleveland*, 41 Ohio St. 41, 42, 322 N.E.2d 629 (1975). As a general rule, a litigant who has the opportunity to raise an issue in the trial court, but declines to do so, waives the right to raise that issue on appeal. *The Strip Delaware, LLC v. Landry's Restaurants, Inc.*, 5th Dist. No. 2010CA00316, 2011-Ohio-4075. Since appellant failed to make the arguments that Fisher's affidavit is defective and is inadequate to explain appellee's determination of salvage value to the trial court, this Court will not review these issues

on appeal. *May v. Westfield Village L.P.*, 5th Dist. No. 02-COA-051, 2003-Ohio-5023, citing *Lippy v. Society Nat'l Bank*, 88 Ohio App.3d 33, 623 N.E.2d 108 (1993).

*Taxes and Title*

**{¶13}** Appellant contends the trial court erred in granting summary judgment when taxes and title fees were improperly included in the calculation of damages because fair market value does not include fees for taxes and title.

**{¶14}** The rules regarding recovery of compensatory damages to personal property generally apply to cases involving damage to vehicles. *Rakich v. Anthem Blue Cross & Blue Shield*, 10th Dist. No. 06AP-1067, 2007-Ohio-3739. In a tort action, the measure of damages is the amount that will make the injured party whole and is guided by the principle "that an injured party should have sufficient compensation for injuries to make him whole * * *." *Id.* When a vehicle cannot be repaired, the usual measure of damages is the difference in the fair market value of the vehicle immediately before and immediately after the collision. *Id.* Fair market value is the price a seller is willing to accept and a buyer is willing to pay on the open market and in an arm's length transaction. *Black's Law Dictionary* 18(c) (9th ed. 2009).

**{¶15}** In *Bingham v. Slabach*, the owner of a car brought a negligence suit against a motorist who struck the owner's car. 5th Dist. No. 2008-CA-0085, 2008-CA-0086, 2008-Ohio-5555. In *Bingham*, this Court reversed the ruling of the trial court and awarded the owner of the vehicle damages to property including amounts for the fair market value of the vehicle, sales tax, towing and labor. *Id.* We found that appellant was "entitled to recover all the costs proximately caused by appellee's negligence" and

that the fees for sales tax, towing, and labor were necessitated by appellee's negligence in causing the accident.

**{¶16}** In this case, appellee is subrogated to the rights of Posey. *Chemical Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 42 Ohio St.3d 40, 42, 537 N.E.2d 624 (1989). Like the owner of the car in *Bingham*, Posey is entitled to sales tax and title fees in order to recover all the costs proximately caused by appellant's negligence and to receive sufficient compensation to make him whole. In her affidavit, Fisher states that Posey was entitled to tax and title fees of $2,117.19 and $15.00, respectively. Appellant failed to submit any Civil Rule 56(C) evidence in response to Fisher's affidavit disputing the amount of the tax or title fees. Accordingly, the trial court did not err in including taxes and title fees in the calculation of damages against appellant.

*Attachment of Insurance Policy*

**{¶17}** Appellant next argues the trial court erred in granting summary judgment to appellee because a certified copy of the insurance policy including subrogation provisions was not attached to appellee's motion for summary judgment. In *State Farm Mut. Auto Ins. v. Williams*, this Court affirmed a decision by the trial court to deny a motion for directed verdict when a policy was not admitted into evidence at trial. 5th Dist. No. 13-CA-04, 2013-Ohio-3884. We determined that State Farm did not have to introduce into evidence an insurance policy to demonstrate its right to recover from a tortfeasor who damaged its insured's car when sufficient evidence of subrogation was presented through the testimony of the insured and the testimony of the insurance representative. *Id.* This case is analogous to the *Williams* case. In Posey's affidavit, he states that, on the date of the accident, he was insured under a policy of insurance

with appellee and that the policy provided collision and rental coverage to him for his vehicle. Further, that appellee has the right to collect the amounts paid to/or on his behalf from appellant pursuant to the terms of his insurance policy with appellee. Fisher's affidavit, also attached to appellee's motion for summary judgment, provides that, "the policy under which the aforementioned payment was made provides for a right of subrogation." In his response to appellee's motion for summary judgment, appellant fails to dispute these facts as set forth in Posey and Fisher's affidavits and thus fails to set forth specific facts demonstrating a genuine issue of material fact exists. Accordingly, the trial court did not err in granting appellee summary judgment though appellee failed to attach a copy of the insurance policy to its motion for summary judgment.

*Comparative Negligence*

{¶18} Appellant finally contends the trial court erred in granting summary judgment because questions of material fact exist as to Posey's comparative negligence. We disagree. In Posey's affidavit, he states that the accident occurred when appellant fell asleep at the wheel and went left-of-center. Further, that "I did not do anything to cause or contribute to the collision." Posey states that, "[appellant] admitted at the scene of the accident that he fell asleep behind the wheel of his vehicle, causing the subject collision." In his response to the motion for summary judgment, appellant admits he went left-of-center, but argues a jury must decide issues of comparative negligence. Appellee fulfilled its initial summary judgment burden of informing the trial court the basis of the motion and identifying the portions of the record which demonstrate an absence of genuine issue of fact on a material element.

However, appellant failed to provide any Civil Rule 56(C) evidence that Posey contributed to the collision. Thus, appellant failed to set forth specific facts demonstrating a genuine issue of material fact on the issue of comparative negligence. Accordingly, no questions of material fact exist as to Posey's comparative negligence and the trial court did not err in granting appellee's motion for summary judgment.

{¶19} Based on the foregoing, the trial court did not err in granting summary judgment to appellee. Appellant's assignment of error is overruled. The June 6, 2013 judgment entry of the Stark County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur